James C. **REECE**, Plaintiff-Appellant,

v.

**UNITED STATES** of America et al., Defendant-Appellee.

No. 71–1708.

United States Court of Appeals, Ninth Circuit.

Feb. 8, 1972.

Rehearing Denied March 30, 1972.

Browning, Circuit Judge, concurred in the result.

Hubbard & Motroni, Sacramento, Cal., for appellant.

Bruce Babcock, Jr., Asst. U. S. Atty., Dwayne Keyes, U. S. Atty., Sacramento, Cal., for appellee.

Before HAMLIN, BROWNING and ELY, Circuit Judges.

HAMLIN, Circuit Judge:

This is an appeal from an order of the United States District Court for the Eastern District of California which dismissed appellant's complaint.

Jurisdiction is premised on the Administrative Procedure Act (5 U.S.C. §§ 701–704).

Appellant is a federal civilian employee of the United States Air Force. In 1967, he had achieved the rating of GS–301–13, logistics officer.

At this time, the Air Force determined to merge two aircraft management systems and thereby reorganize the supply division in which appellant worked. In the ensuing administrative realignment, appellant was to be transferred to a position of equal pay and grade within the merged systems. The GS–14 position as head of this amalgamated system was to be filled by another employee who was already a GS–14.

Appellant felt that he should have been promoted to fill this position. Thus, he protested his transfer, claimed he was entitled to a non-competitive promotion under the "job enlargement" provisions of AFR 40–335, and requested a Technical Review of his case.

This review was conducted, with the examiner concluding, among other things, that the reorganization was appropriate and that appellant was not absolutely entitled to promotion.

Subsequent to the decision on the Technical Review, appellant requested and received a review of these findings by the local commanding general. The general's decision comported with that of the technical review.

At appellant's request, these local decisions were reviewed by Headquarters, Air Force Logistics Command (AFLC). When this decision also proved unfavorable to appellant, he appealed to Headquarters, United States Air Force, where the local and AFLC decisions were once again followed.

These determinations received final review by the United States Civil Service Commission, with appellant once again being denied the requested promotion. His administrative remedies were

thereby exhausted. He then filed suit in the court below.

After examining the voluminous administrative record, and hearing argument from both sides, the district court dismissed the action on grounds that: (1) there had been no waiver of sovereign immunity; (2) there was no proper basis for subject matter jurisdiction; (3) there was no showing of circumstances which would warrant the court's interference with matters of personnel management.

Gnotta v. United States, 415 F.2d 1271 (8th Cir. 1969), cert. denied, 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970), characterized a suit seeking to compel promotion in government service as a suit against the government. The court there concluded that, in the absence of government consent, such a suit cannot be maintained. The court specifically stated that the Administrative Procedure Act (APA) cannot be read as an implied waiver of all such immunity.

Except for the fact that the *Gnotta* case involved the claimed violation of an Executive Order, whereas appellant here is alleging failure to follow the mandates of an Air Force regulation, this appeal would appear to fall squarely within the sovereign immunity bar described in *Gnotta*.

We do not, however, have to reach this question. Nor do we reach the question of whether the district court had subject matter jurisdiction under 5 U.S.C. § 704.

Appellant here has alleged that the Air Force has not complied with promotion procedures outlined in AFR 40–335. Specifically, he contends he was entitled to a non-competitive promotion under the "job enlargement" provisions of that regulation.

█ As a general rule, promotion or nonpromotion within government service involves supervisory discretion and is not appropriate for judicial review. Gnotta v. United States, 415 F.2d at 1276.

Title 5 U.S.C. § 701(a) (2) specifically states that the judicial review provisions of the APA do not apply in cases where "agency action is committed to agency discretion by law." The "job enlargement" provision of AFR 40–335 clearly grants a great deal of this discretion to the agency.[1]

██ Of course, if there is a patent abuse of this discretion, a court will review the action taken, notwithstanding the language of section 701(a) (2). Scanwell Labs., Inc. v. Shaffer, 137 U.S. App.D.C. 371, 424 F.2d 859 (D.C.Cir. 1970); Peoples v. United States Department of Agriculture, 138 U.S.App.D.C. 291, 427 F.2d 561 (D.C.Cir. 1970).

██ However, charges of abuse of discretion will be rejected, unless there is a strong showing of such abuse. Montgomery v. Commissioner, 367 F.2d 917, 920 (9th Cir. 1966). Appellant has made no such showing.

In the first place, it is not certain that any "job enlargement" occurred. The provisions of AFR 40–335 clearly state that "job enlargement" must be distinguished from "planned management action." Under this latter arrangement, if the position warrants a higher grade, the employee may be promoted *only* under competitive requirements. If the employee is not to be promoted, the regulations specifically provide for reassignment to an available position at the same grade and pay.

This distinction between "job enlargement" and "planned management action" was called to appellant's attention during the protracted reviews of his claim.

Furthermore, even under the "job enlargement" section of AFR 40–335, promotion is not mandatory. In such cases, there are many options which may be utilized, one of them being to transfer

---

1. The regulation specifically states that "[p]romotion is not mandatory . . . in any instance when a position is upgraded because of job enlargement." The regulation further goes on to specify a variety of optional actions which may be taken when "job enlargement" occurs.

the incumbent to a position of equal pay and grade. This was pointed out in the technical review, wherein it was noted that appellant had no absolute entitlement to promotion.

Our examination of the record discloses no violation of the regulations.

The agency discretion granted by these provisions, coupled with the record of exhaustive review of appellant's claim, caused the trial court to conclude that there was no showing of circumstances sufficient to warrant the court's interference. When a trial court is faced with a claimed abuse of agency discretion, it may properly comment on the merits of such claim. 427 F.2d at 567.

We agree with the conclusion of the district court.

Affirmed.

BROWNING, Circuit Judge, concurs in the result.