**William LEE, Plaintiff,**

**v.**

**Winton BLOUNT, Postmaster General of the United States Postal Service, et al., Defendants.**

**No. 71–305.**

United States District Court,
N. D. California.

July 7, 1972.

Edward Bell, San Francisco, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty., and Brian Denton, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This is an action by William Lee, an employee of the United States Postal Service, seeking review of what plaintiff contends to be an unlawful failure by defendants to promote him to the position of "Foreman of the Mails," Supervisorial Level PFS–8, in the San Francisco Post Office.

The record shows, however, that on March 19, 1971, the Regional Director for the Postal Service, R. E. James, informed Postmaster Lim Poon Lee, plaintiff's superior, that plaintiff had been selected, under legal authority of Regulation 5 C.F.R. § 335.102, for promotion to the position in question effective March 20, 1971. (Certified Copy of letter, attached as an exhibit to defendants' brief, filed July 7, 1971).

The parties have stipulated among themselves that the only issue remaining in this action is whether plaintiff is entitled to back pay for the period commencing with the date plaintiff claims he should have been promoted and the date upon which he was in fact promoted (Stipulation, filed January 12, 1972).

The complaint alleges that plaintiff was one of one hundred postal workers who, by virtue of having attained a certain score on written eligibility examinations, were in September, 1968, placed on an "eligibility list" for one hundred-twenty open positions of "Foreman of the Mails," Supervisorial Level PFS–8; that it had been the practice of defendants to promote such eligibles in the order they appeared on the eligibility list; that plaintiff was, nevertheless, denied the promotion to Level PFS–8 because of his relationship to his uncle, Lim Poon Lee, defendant herein and Postmaster for the City of San Francisco.

Both parties now make cross-motions for summary judgment. Neither party has submitted any affidavits as to factual matters in support of its motion; nor has there been filed herein any record of administrative action taken by the Postal Service in connection with plaintiff's promotion other than as indicated above. Both parties base their motions entirely on matters of law.

We note at the outset that promotion or non-promotion within Gov-

ernment service as a general rule involves supervisory discretion and is not appropriate for judicial review. Reece v. United States, 455 F.2d 240 (9th Cir., 1972). Noting that Title 5 U.S.C. § 701(a) (2) expressly provides that the judicial review provisions of the Administrative Procedure Act are not applicable in cases where agency action has been committed to the discretion of the administrative agency, the Ninth Circuit stated in *Reece* that "charges of abuse of discretion will be rejected, unless there is a strong showing of such abuse." Plaintiff in this case, therefore, has a heavy burden of showing that the failure of defendants to timely promote him constituted improper agency action.

It is clear that in this case the matter of promotion is in the discretion of the Postmaster. Applicable instructions pertaining to promotions, set forth in Part 10(D) (4) of Postal Bulletin 20480–A (Exhibit A to the Complaint), provide that with respect to Level PFS–8 promotions, the Postmaster, with or without calling upon the assistance of a Promotion Advisory Board, must first select three candidates for promotion to the position in question, must analyze and assess their respective qualifications for that position, and must then recommend to the Regional Director one such individual for promotion to said position. The Regional Director must then determine whether proper procedures have been followed and, if satisfied, he must then approve the Postmaster's recommendation and instruct the Postmaster to make the promotion.

It is undisputed that plaintiff is and has been during all applicable periods the nephew of Lim Poon Lee, the Postmaster for the Post Office wherein plaintiff sought his promotion to Level PFS–8.

The record shows that the reason given plaintiff for the denial of his promotion by the Regional Director [1] was that his relationship with his uncle, i.e., the Postmaster having discretion over his promotion, barred the promotion under the so-called anti-nepotism statute, 5 U.S.C. § 3110, providing, in pertinent part, as follows:

"A public official may not appoint, employ, promote, advance, or advocate for appointment, employment, promotion, advancement, in or to a civilian position in the agency in which he is serving or over which he exercises jurisdiction or control any individual who is a relative of the public official." 5 U.S.C. § 3110(b)).

In 5 U.S.C. § 3110(a) (3) Congress has limited the applicability of this statute to only specified classes of "relatives," including the relationship between uncle and nephew.

Plaintiff first contends that the above statute is somehow unconstitutionally overbroad in that it "reaches too far in quelling the ill of favoritism" in Government service. Plaintiff argues that this alleged overbreadth is illustrated by its operation in this case to deny his promotion.

We are not persuaded by plaintiff's argument that 5 U.S.C. § 3110 is unconstitutionally overbroad. The legislative history of this provision indicates that the Congressional purpose behind its enactment was "to prevent a public official from appointing a relative to a civilian position, or from advocating a relative for appointment to a civilian position, in the agency in which the public official serves or over which he exercises supervision . . ." and that it was also the intent of Congress that "[t]he provision would prohibit *promotions* and advancements in such cases as well as appointments." U.S.Code Cong. & Admin.News, 90th Cong., 1st Sess. vol. 2 at pp. 2284–2285 (1967).

Given the Congressional purpose of the statute, the propriety of which

---

1. See Exhibit B to the Complaint, letter from R. E. James, Regional Director of the Postal Service, incorporated by reference in defendants' brief filed July 7, 1971.

plaintiff does not challenge, the statute is not overbroad. Application of the anti-favoritism prohibitions of the Act to promotional situations involving specified kinship relationships, such as the relationship between uncle and nephew, cannot be said to constitute an overbroad classification. Congress could not have been more specific.

■ Plaintiff also contends that defendants here acted arbitrarily in failing to timely promote him to Level PFS-8 in that, since it was possible for them to eventually devise some method whereby plaintiff could be subsequently promoted, such method should have been utilized to promote him in the first instance.

The only indication in the record as to the manner in which plaintiff was eventually promoted in March, 1971 is the above-mentioned reference to Regulation 5 C.F.R. § 335.102. That regulation, as we read it, is merely a general Civil Service regulation providing general authority for federal agencies to promote certain types of employees; there is no reference in that regulation to authorizing promotion of employees when such promotion would be otherwise barred by the anti-nepotism statute.

Upon what authority plaintiff here was evenutally promoted after the institution of this lawsuit cannot be ascertained from the record. But the propriety of that promotion is not an issue in this case.

The real issue is whether plaintiff has shown that defendants acted arbitrarily in denying plaintiff's promotion in the first instance. As indicated above, the applicability of the anti-nepotism statute in the present case is clear. Plaintiff's promotion by his uncle was barred by the statute and defendants acted correctly.

If there existed some other lawful means whereby plaintiff could have been and should have been promoted in the first instance, it is incumbent upon plaintiff to show it.

The only authority furnished by plaintiff in support of the proposition that plaintiff could have been promoted notwithstanding his relationship to the Postmaster is a reference to a Postal Bulletin 20660, dated August 29, 1968, wherein it is stated:

"(Note: Postal Bulletin 20643 dated May 9, 1968 states as follows: 'In instances where the law and regulations permit a public official to appoint, employ, promote, advance, or advocate the appointment, employment, promotion, or advancement of a relative a recommendation shall be forwarded to the next higher appointing or approving authority for decision, with full disclosure of the relationship and circumstances.')"

This provision assumes, by its own terms, that the promotion by a relative, or, upon the recommendation by a relative, is permitted by law or regulation. We have been cited to no law or regulation which would allow such a promotion in this case in view of the prohibitions of the anti-nepotism statute. Moreover, if the procedure suggested in this bulletin were followed in the present case, the promotion would still have been barred by the statute since it would have involved the recommendation of a relative —albeit with full disclosure of the relationship and the circumstances.

Plaintiff's prayer for back pay is based on the Back Pay Act, 5 U.S.C. § 5596, which provides as follows:

"(b) An employee of an agency who, on the basis of an administrative determination or a timely appeal, is found by appropriate authority under applicable law or regulation to have undergone an unjustified or unwarranted personnel action that has resulted in the withdrawal or reduction of all or a part of the pay, allowances, or differentials of the employee—

(1) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect an amount equal to all

or any part of the pay, allowances, or differentials, as applicable, that the employee normally would have earned during that period if the personnel action had not occurred, less any amounts earned by him through any other employment during that period."

Plaintiff has failed to show that defendants acted arbitrarily or abused their discretion in denying his promotion in the first instance and we find, therefore, that he has not "undergone an unjustified or unwarranted personnel action" entitling him to back pay under the Back Pay Act.

Having examined the pleadings and the record herein, we are satisfied that there are no genuine issues as to any material fact and that defendants are entitled to judgment in their favor as a matter of law.