571 F.2d 1098
 William R. HILL, Plaintiff-Appellant,
v.
UNITED STATES of America, Robert F. Froehlke, Secretary of
the Army of the United States, Melvin Laird, Secretary of
Defense of the United States, Robert E. Hampton, Chairman of
the United States Civil Service Commission, Jayne Be Spain,
Vice-Chairman of the United States Civil Service Commission,
and Lidwig J. Andolsek, Commissioner of the United States
Civil Service Commission, Defendants-Appellees,
and
The United States Civil Service Commission.
 No. 75-2379.
 United States Court of Appeals,
Ninth Circuit.
 Jan. 10, 1978.
As Amended March 23, 1978.
 
 Gaylord L. Henry, San Diego, Cal., for plaintiff-appellant.
 Joseph T. Cook, Asst. U. S. Atty., San Diego, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of California.
 Before ELY, GOODWIN, and WALLACE, Circuit Judges.
 WALLACE, Circuit Judge:
 
 
 1
 Hill commenced this action in the district court against the United States, the Civil Service Commission, and individual government officials seeking a writ of mandate, declaratory relief, and damages for the allegedly wrongful refusal of the Army and the Civil Service Commission to convert him to "career-conditional" status during his temporary civilian employment with the Army in Yokohama, Japan. After a non-jury trial, the district judge concluded that none of the defendants had acted illegally and ruled in their favor. We have examined important questions of federal jurisdiction and conclude that the court was without jurisdiction to consider Hill's claim for money damages and that the complaint for declaratory relief and the petition for mandamus should have been dismissed for failure to state a claim upon which relief can be granted.
 
 I.
 
 2
 Hill was honorably separated from the Air Force on January 31, 1965 after having been stationed in Japan for several years. He remained in Japan as a civilian employee of the Air Force. In June 1966, he began employment as a civilian procurement officer for the Department of the Army in Yokohama, Japan. Although he had hoped to acquire "career-conditional" status[1] in the Civil Service with this new job, Hill was soon notified that his was merely an "overseas limited appointment," i. e., a temporary or indefinite position. 5 C.F.R. § 8.2 (1977). In October 1967, Hill's command requested his conversion to career-conditional status; this request was denied. In February 1969, Hill unsuccessfully sought relief from the Civil Service Commission. In November 1969, Hill's overseas limited assignment was terminated due to a reduction in force. After serving for about a year on a similar assignment in Taiwan, he returned to the United States.
 
 II.
 
 3
 Although the parties are apparently untroubled by the question of the district court's jurisdiction,[2] we see it as a major issue whether the court was empowered to hear this case at all. As near as we can tell from his imprecisely drafted complaint, Hill asks for mandatory relief, retroactively granting him career-conditional status and for damages consisting of a portion of the pay he would have received had he been converted to that status when requested.[3] The retroactive character of the relief sought raises a major jurisdictional obstacle to Hill's claim.
 
 
 4
 Subsequent to the entry of judgment by the district court, the Supreme Court, in United States v. Testan, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), held that sovereign immunity deprived the Court of Claims of jurisdiction to award retroactive relief in the form of money damages to government employees who alleged that they had been wrongfully denied reclassification to a higher civil service grade. Under the doctrine of sovereign immunity, of course, the government cannot be sued unless it expressly consents to the cause of action involved. United States v. Testan, supra, 424 U.S. at 399, 96 S.Ct. 948; United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). The Court in Testan, after examining the relevant statutes,[4] concluded that no such consent had been given.
 
 
 5
 The precise effect of Testan was to deny money damages in the Court of Claims. But that decision also bars the damages and other retroactive relief sought by Hill in this case. The Tucker Act, 28 U.S.C. § 1346(a), upon which the district court apparently relied for its jurisdiction, "did no more than authorize the District Court to sit as a court of claims and . . . the authority thus given to adjudicate claims against the United States does not extend to any suit which could not be maintained in the Court of Claims." United States v. Sherwood, 312 U.S. 584, 591, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941). More broadly, sovereign immunity doctrine applies to suits against the United States in all courts. Id. at 586, 61 S.Ct. 767; Minnesota v. United States, 305 U.S. 382, 388, 59 S.Ct. 292, 83 L.Ed. 235 (1939). Thus, since we find no legal distinction between the Testan plaintiffs' action for damages based upon a claim to retroactive civil service reclassification and Hill's action for damages based upon an alleged right to retroactive conversion to career-conditional status, the Testan sovereign immunity bar necessarily precludes the monetary relief sought by Hill.[5]
 
 
 6
 With respect to the retroactive but non-monetary declaratory and affirmative relief sought by Hill, the sovereign immunity barrier has apparently been removed by a statute enacted subsequent to Testan. In 1976, the following language was added to a key provision of the Administrative Procedure Act, 5 U.S.C. § 702:
 
 
 7
 An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.
 
 
 8
 This statute is cast as a blanket waiver of sovereign immunity as to a broad category of actions against the government, and by its terms it certainly includes the non-monetary relief sought by Hill. Since it was enacted subsequent to the commencement of this action,[6] however, it cannot have an impact on this case unless it is retrospectively applied.
 
 
 9
 Despite a line of decisions to the effect that legislation will not be given retrospective effect absent a clear legislative mandate to the contrary, see, e. g., Greene v. United States, 376 U.S. 149, 160, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964); Bruner v. United States, 343 U.S. 112, 117 n.8, 72 S.Ct. 581, 96 L.Ed. 786 (1952); United States v. St. Louis, S. F. & Tex. Ry., 270 U.S. 1, 3, 46 S.Ct. 182, 70 L.Ed. 435 (1926), the Supreme Court has recently decided in several cases that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary." Bradley v. Richmond School Bd., 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). Accord, Cort v. Ash, 422 U.S. 66, 76-77, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); Hamling v. United States, 418 U.S. 87, 102, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). We find nothing in the wording or the legislative history of the amendment to section 702 bearing upon the question of retrospective effect. Further, in view of the fact that the only interests impaired by this voluntary congressional waiver of sovereign immunity are those of the government itself, it cannot be said that any manifest injustice results from applying the amendment retrospectively. We thus conclude that section 702 as amended operates retrospectively to lift the bar of sovereign immunity as to Hill's complaint for declaratory relief and petition for mandamus.
 
 
 10
 It does not follow, however, that Hill's action was not subject to dismissal. To the contrary, we believe that, even absent any sovereign immunity problems, this action is defeated by Testan. As we read Testan, the plaintiffs there were denied relief for two reasons: not only had Congress failed to waive sovereign immunity as to their cause of action, but Congress had also failed to create a substantive right upon which their claim for relief could be based.[7] 424 U.S. at 400-401, 403, 96 S.Ct. 948. Both of these hurdles must be cleared before a claim against the government can succeed. See 1 Moore's Fed. Practice P 0.65(2.-1), at 700.97-98. Thus, although section 702 removed the sovereign immunity barrier from Hill's path as to his non-monetary claim, he is still required to prove the existence of a substantive right to retroactive relief. It was precisely such a right that the Court in Testan found Congress had not granted.[8] Nothing in the statutes examined by the Supreme Court in Testan or by us in this case can be interpreted as granting Hill a right to retroactive conversion to career-conditional status. Thus, so much of his action as was not beyond the jurisdiction of the district court because of sovereign immunity should have been dismissed upon the defendants' motion for failure to state a claim upon which relief can be granted.[9]
 
 
 11
 Judgment vacated and case remanded with directions to dismiss.
 
 
 
 [1]
 A government employee enjoying career-conditional status is automatically given a "career appointment without time limitation," 5 C.F.R. § 2.2 (1977), at the successful conclusion of a probationary period, provided a ceiling on the total number of permanent employees in the Civil Service would not thereby be exceeded. Id. Thus, acquiring career-conditional status is an important first step to becoming a career civil servant
 
 
 [2]
 The defendants, in a motion to dismiss, did raise the issues of sovereign immunity and failure to state a claim upon which relief can be granted. The motion was denied, however, and these issues were not raised by the parties on appeal
 
 
 [3]
 Hill asks for only $10,000 of a larger amount of pay to which he asserts he is entitled in an attempt to make the district court a proper forum under the provision of the Tucker Act found at 28 U.S.C. § 1346(a)(2). The Tucker Act, however, will not cure the jurisdictional defect here, as we explain in the subsequent text
 
 
 [4]
 The Tucker Act, ch. 359, 24 Stat. 505 (1887) (codified in scattered sections of 28 U.S.C.); the Classification Act of 1949, ch. 782, 63 Stat. 954 (codified in scattered sections of 5 U.S.C.); and the Back Pay Act, 5 U.S.C. § 5596
 
 
 [5]
 We have examined the statutes relied upon by Hill to determine whether any of them includes a congressional waiver of sovereign immunity that would allow Hill's claim for damages to escape the Testan decision. None of them does
 Hill relies principally upon the provision of the Tucker Act found at 28 U.S.C. § 1346(a)(2). However, the Court in Testan, in construing the analogous Tucker Act provision of 28 U.S.C. § 1491, specifically rejected the argument "that the Tucker Act fundamentally waives sovereign immunity with respect to any claim invoking a constitutional provision or a federal statute or regulation, and makes available any and all generally accepted and important forms of redress, including money damages." 424 U.S. at 400, 96 S.Ct. at 954.
 Hill's complaint also alleges that the Veteran's Preference Act of 1944, ch. 287, 58 Stat. 387 (codified in scattered sections of 5 U.S.C.) conferred jurisdiction on the district court. We find nothing in that legislation, however, that can fairly be construed as a consent by Congress to be sued for the retroactive relief sought here.
 Although Hill, in his pleadings, does not allege that 28 U.S.C. § 1361, part of the Mandamus and Venue Act, is a basis for district court jurisdiction, his petition for mandamus necessarily invokes this statute. However, section 1361 "is not a consent to suit by the sovereign." Smith v. Grimm, 534 F.2d 1346, 1352 n.9 (9th Cir. 1976). Accord, McQueary v. Laird, 449 F.2d 608, 611 (10th Cir. 1971).
 Hill's complaint also refers to certain of the judicial review sections of the Administrative Procedure Act, 5 U.S.C. §§ 701-704. Section 702 does contain a partial waiver of sovereign immunity which is discussed in the subsequent text.
 Hill does not escape the sovereign immunity bar of Testan by naming individual defendants (which was apparently not done in Testan ) in addition to the United States and the Civil Service Commission. To the extent he seeks money damages, the suit must be construed as one against the United States, since the "back pay" he demands would come from the federal treasury. Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); 1 Moore's Fed. Practice P 0.65(2.-1), at 700.94. Insofar as he seeks declaratory and affirmative relief which are retroactive in nature, Hill's action is not defeated by sovereign immunity, but for failure to state a claim upon which relief can be granted, as explained in the subsequent text. Thus, naming individual defendants does not save Hill's action from dismissal.
 
 
 [6]
 Hill commenced this action on January 12, 1973. The amendment to section 702 was enacted October 21, 1976, Pub.L. No. 94-574, 90 Stat. 2721
 
 
 [7]
 The Court in Testan combined these two concepts, interpreting Congress' failure to grant the substantive right as synonymous with a refusal to waive sovereign immunity. In many suits against the government, of course, sovereign immunity and failure to state a claim upon which relief can be granted are not identical. For example, with respect to certain intentional torts committed by agents of the government, sovereign immunity bars a cause of action that otherwise states a claim upon which relief can be granted. See 28 U.S.C. § 2680(h). Similarly, Congress can waive sovereign immunity as to a category of actions without also granting the substantive right upon which such actions are based. This appears to be the precise import of the amendment to 5 U.S.C. § 702 which simply waives sovereign immunity as to all non-monetary claims against government agencies, officers, or employees covered by the Administrative Procedure Act, but does not purport to grant any substantive rights
 These two, normally distinct concepts the failure to create a substantive right and the failure to waive sovereign immunity merge in cases such as Testan where there is neither a blanket waiver of sovereign immunity (such as section 702 now provides in this case) nor specific, legislatively sanctioned rights based upon tort, contract, or money paid to and wrongfully retained by the government. In such cases, relief is available only if Congress by statute creates a substantive right. See Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1007-09, 178 Ct.Cl. 599 (1967). Such a statute can be said simultaneously to create a substantive right and to waive sovereign immunity as to the action appropriate to enforce it.
 
 
 [8]
 "Congress has not made available . . . the remedy of money damages through retroactive classification. There is a difference between prospective reclassification, on the one hand, and retroactive reclassification resulting in money damages, on the other." 424 U.S. at 403, 96 S.Ct. at 955. Thus, "one is not entitled to the benefit of a position until he has been duly appointed to it," 424 U.S. at 402, 96 S.Ct. at 955, even where the appointment has been wrongfully denied
 Testan does not involve an allegedly wrongful discharge or suspension of employment. In such cases, an "employee is entitled to the emoluments of his position until he has been legally disqualified." Id. Here, it is a wrongful failure to hire, rather than a discharge or suspension, that is alleged.
 
 
 [9]
 As we indicated earlier, the complaint does not specifically identify the precise nature of the relief requested. Nor do Hill's arguments before the district court provide clarification. The thrust of the complaint as well as the entire proceedings, however, involved a request for retroactive relief. We, therefore, have decided the case on that basis. Even if we had doubts, however, it would be unnecessary for us to remand for clarification. If Hill had prayed for prospective mandatory and declaratory relief, which apparently do not fall under the jurisdictional restrictions of Testan, 424 U.S. at 403, 96 S.Ct. 948, we would have affirmed the denial of such relief on the merits
 Hill's entire claim rests on his contention that he was refused career-conditional status because of the application of a policy of the Department of the Army that, in effect, denied that status to anyone who had resided overseas for five continuous years, which Hill had done.
 The district court expressly found, however, that the "five-year policy" was not the reason for the government's decision, but that it was based solely upon an evaluation by the Department of its personnel needs. This finding is adequately supported by the testimony of Mr. Wolfsperger, the Department official who communicated the decision to Hill's command. That finding would not be subject to reversal as clearly erroneous. Fed.R.Civ.P. 52(a).
 We are aware of Hill's contention that the government should be estopped to deny that the five-year policy was not the cause of its decision because of an admission partially to the contrary made during the early discovery phase of this action. After due consideration, however, we have concluded that neither estoppel theory nor Rule 36(b), Fed.R.Civ.P. (concerning the effect of admissions) would have required a reversal of the district court's ruling on the merits.