591 F.2d 1265
 T. Stanley NELSON, Idaho Wildlife Federation, Golden Eagle
Audubon Chapter, B. Robert Butler, Marid P.
Delisio, Ruthann Knudsen, Max G.
Pavesic, David Rice and
Roderick Sprague,
Plaintiffs-
Appellants,
v.
Cecil D. ANDRUS (formerly Thomas S. Kleppe), in his official
capacity of Secretary of the Interior of the United States,
Curtis J. Berklund, in his official capacity as Director of
the Bureau of Land Management of the Department of the
Interior, William L. Matthews, State Director (Idaho) of the
Bureau of Land Management, Defendants-Appellees,
Robert M. Henggeler, Intervenor-Defendant.
 No. 76-3319.
 United States Court of Appeals,
Ninth Circuit.
 Oct. 2, 1978.
Rehearing Denied Nov. 1, 1978.
 
 Herbert W. Rettig (argued), Dunlap, Rettig & Rosenberry, Caldwell, Idaho, William F. Schroeder (argued), of Schroeder, Denning & Hutchens, Vale, Or., for plaintiffs-appellants.
 Edward J. Shawaker (argued), of Dept. of Justice, Washington, D. C., William F. Ringert (argued), of Anderson, Kaufman, Anderson & Ringert, Boise, Idaho, for defendants-appellees.
 Appeal from the United States District Court for the District of Idaho.
 Before WRIGHT and GOODWIN, Circuit Judges, and JAMESON,* District Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from a summary judgment dismissing the action with prejudice on the ground that the court was without jurisdiction to review a decision of the Secretary of the Interior which classified certain land as suitable for entry under the Desert Land Act, as amended, 43 U.S.C. § 321, et seq., and granted a desert land entry permit to the intervenor. In a well reasoned opinion, setting forth in detail the undisputed facts and applicable law, the district court held that the Secretary's action was committed to agency discretion and therefore was not subject to judicial review. Nelson et al. v. Kleppe et al., 457 F.Supp. 5 (D.Idaho 1976).
 
 
 2
 The district court concluded that there was "no law to apply" and judicial review was precluded by the decision of the Supreme Court in Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), as interpreted by this court in Ness Investment Corp. v. United States Department of Agr., Forest Service, 512 F.2d 706 (9 Cir. 1975), and Strickland v. Morton, 519 F.2d 467 (9 Cir. 1975).
 
 
 3
 Appellants contended further in the district court, as they do here, that the agency violated its own policy and that actions inconsistent with the agency policy are judicially reviewable as an abuse of discretion. Relying upon Pacific Gas & Electric Co. v. Federal Power Commission, 164 U.S.App.D.C. 371, 506 F.2d 33 (1974), the district court concluded that the policy determination in question was not the same as an administrative regulation which has the force and effect of law; that the policy decision was not statutorily required; and that the decisions involved matters best directed to the Secretary's discretion and expertise.
 
 
 4
 Subsequent to the decision of the district court, this court has reaffirmed the holdings in Ness, supra, and Strickland, supra, in Arizona Power Authority v. Morton, 549 F.2d 1231 (9 Cir.) Cert. denied, 434 U.S. 835, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977), and City of Santa Clara, California v. Andrus, 572 F.2d 660 (9 Cir. 1978). In City of Santa Clara, we concluded that "if, however, no law fetters the exercise of administrative discretion, the courts have no standard against which to measure the lawfulness of agency action" and that, "There is 'law to apply,' only if a specific statute limits the agency's discretion to act in the manner which is challenged." 572 F.2d at 666.
 
 
 5
 We agree with the conclusions of the district court and adopt Judge Anderson's opinion as the opinion of this court, supplemented by the cases cited herein decided subsequent to his opinion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation