Robert H. WYSHAK, Plaintiff-Appellant,

v.

CITY NATIONAL BANK,
Defendant-Appellee.

Robert H. WYSHAK,
Plaintiff-Cross-Appellee,

v.

CITY NATIONAL BANK,
Defendant-Cross-Appellant.

Nos. 76–2891, 76–3152.

United States Court of Appeals,
Ninth Circuit.

Sept. 21, 1979.

Rehearing Denied Nov. 20, 1979.

Robert H. Wyshak, Los Angeles, Cal., for plaintiff-appellant.

Michael Holtzman, Los Angeles, Cal., for defendant-appellee.

Before ELY and TRASK, Circuit Judges, and FITZGERALD,* District Judge.

PER CURIAM:

Plaintiff-appellant Robert H. Wyshak appeals from a district court order granting summary judgment in favor of defendant-appellee City National Bank (CNB). On February 4, 1974, Wyshak brought this action in the United States District Court[1] alleging that CNB violated section 7(d) of the Securities Exchange Act of 1934 (1934 Act), 15 U.S.C. § 78g(d), and Federal Reserve Board Regulation U, 12 C.F.R. §§ 221.1 et seq., promulgated thereunder.[2] The alleged violation by CNB was the extension to Wyshak of loans secured by margin stock in excess of the maximum loan values for that stock allowed under Regulation U. The district court found that the action was time-barred. We affirm its decision. Because of our holding, we need not reach the question of whether Regulation U was, in fact, violated, nor whether a private cause of action exists for such a violation. Even if a private cause of action exists for violation of section 7 margin requirements[3] appellant Wyshak cannot properly bring such an action.

## I

The parties in this action are in a borrower-lender relationship. Their dealings began in 1958 when Wyshak arranged to borrow $95,000 from CNB for six months. Of that loan, $82,000 was used to retire two prior obligations to other banks in Los Angeles. Nearly half of the remaining $13,000 was used by Wyshak to retire a margin account debt he maintained with a Los Angeles stockbroker. Wyshak contends that

---

* Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation.

1. The district court had original jurisdiction under 15 U.S.C. § 78aa. This court has appellate jurisdiction under 28 U.S.C. § 1291.

2. Section 7(d) of the 1934 Act, 15 U.S.C. § 78g(d) states, in pertinent part:
    "It shall be unlawful for any person . . to extend or maintain credit or to arrange for the extension or maintenance of credit for the purpose of purchasing or carrying any security, in contravention of such rules and regulations as the Board of Governors of the Federal Reserve [Board] shall prescribe to prevent the excessive use of credit . . .."
    Regulation U, 12 C.F.R. §§ 221.1 et seq., was adopted by the Federal Reserve Board pursuant to the Congressional mandate of section 7(d). It prescribes the maximum amount (a percentage, based upon the value of the collateral) which a bank may lend, when a loan is secured by stock and extended to the borrower for the purpose of purchasing or carrying stock regis-tered on a national stock exchange. Such stock is then called "margin stock" and the loans are referred to as "purpose loans," or "purpose credit," to contrast them with those outside the scope of Regulation U, called "non-purpose loans."

3. *Compare Pearlstein v. Scudder & German*, 429 F.2d 1136, 1140–41 (2d Cir. 1970), *cert. denied*, 401 U.S. 1013, 91 S.Ct. 1250, 28 L.Ed.2d 550 (1971); (*Pearlstein I*); *Goldman v. Bank of Commonwealth*, 467 F.2d 439, 445 (6th Cir. 1972); *Serzysko v. Chase Manhattan Bank*, 290 F.Supp. 74, 78 (S.D.N.Y.1968), *aff'd.* 409 F.2d 1360 (2d. Cir.), *cert. denied*, 396 U.S. 904, 90 S.Ct. 218, 24 L.Ed.2d 180 (1969); *Remar v. Clayton Securities Corp.*, 81 F.Supp. 1014, 1017 (D.Mass.1949), *with Pearlstein v. Scudder & German*, 527 F.2d 1141, 1145, n.3 (2d Cir. 1975) (*Pearlstein II*); *Capos v. Mid-America Nat. Bank, of Chicago*, 581 F.2d 676, 679 (7th Cir. 1978); *Utah State University of Agriculture and Applied Science v. Bear, Stearns & Co.*, 549 F.2d 164, 170 (10th Cir.), *cert. denied*, 424 U.S. 890, 98 S.Ct. 264, 54 L.Ed.2d 176 (1977).

CNB violated Regulation U when it allowed him to use the loan for this purpose.

Prior to its maturity date, the $95,000 loan was renewed. Thereafter, the loan was renewed periodically. In 1964, 1965, 1967, and finally on December 31, 1969, Wyshak obtained additional loans from CNB. Wyshak also used these loans to purchase stock. On December 20, 1972, Wyshak consolidated and renewed all of the above debts by executing a promissory note in the amount of $210,500 in favor of CNB. When Wyshak failed to repay the note upon maturity in January 1974, CNB sold the collateral securing the note, reducing Wyshak's indebtedness to $111,159.62, and demanded payment of the unpaid amount.

Thereupon Wyshak commenced this action in district court alleging that CNB violated Regulation U in extending credit to him. CNB filed an answer and counterclaimed, seeking to recover the unpaid balance on the note. CNB was later allowed to amend its answer to plead the statute of limitations as an affirmative defense. The amended answer alleged that "plaintiff's claims are barred by the applicable statute of limitations." Wyshak then sought to amend his original complaint to allege that fraudulent concealment of Regulation U violations by CNB tolled any limitations statute. The district court denied Wyshak's motion and granted CNB's motion for summary judgment.

## II

■ The district court found Cal.Code Civ.Proc. § 338.1, which provides a three-year limitations period for actions based on liabilities created by statute, to be the applicable limitations rule. Because the federal securities laws do not provide a statute of limitations applicable to claims founded upon alleged violations of section 7(d) of the 1934 Act, the appropriate limitations period must be determined by resort to state law. *Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743 (1946); *Douglass v. Glen E. Hinton Investments, Inc.,* 440 F.2d 912, 915 (9th Cir. 1971). The court reasoned that because the federal claims

under section 7(d) of the 1934 Act and Regulation U have only a statutory base, being unknown at common law, the section 338.1 limitations period for statutory claims was most appropriate to such claims. The court then found that Wyshak's cause of action accrued on December 31, 1969, the date of the final loan to Wyshak and thus the last conceivable date of a possible Regulation U violation by CNB. Since the limitations period started to run on December 13, 1969, the court held that Wyshak's 1974 suit was barred by the statute. We agree with the district court's reasoning and note that other jurisdictions have applied similar state statutes to reach the same result. *See e. g., Capos v. Mid-American Nat. Bank of Chicago,* 581 F.2d 676, 679 (7th Cir. 1978); *Hornblower & Weeks-Hemphill, Noyes v. Burchfield,* 366 F.Supp. 1364, 1367 (S.D.N.Y.1973) (companion section 7(c) and Regulation T).

■ Wyshak's attempt to come within the section 338.1 time limits must be rejected. Wyshak points out that on December 20, 1972, CNB consolidated and renewed all of his outstanding loans. He argues that the 1974 suit was timely because this 1972 loan renewal is tainted by the allegedly violative original loans and so must be considered in determining the beginning of the limitations period. This argument is incorrect. Renewals are not treated under Regulation U as further extensions of credit and do not come within the purview of Regulation U requirements. See 12 C.F.R. § 221.3(e). The 1972 loan renewal is thus outside the scope of Regulation U and cannot be used to maintain an action under it.

## III

■ Wyshak's procedural arguments are without merit. The trial court did not abuse its discretion in allowing CNB to amend its answer to plead the statute of limitations defense. Wyshak was not prejudiced by the later assertion of the defense because the limitations rule, if applicable, would be effective at the outset of Wyshak's suit. In the absence of prejudice to the opposing party, leave to amend should be freely given. Fed.R.Civ.P. § 15(a); *Fo-*

man v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

 The statute of limitations was also adequately pleaded. The procedural sufficiency of a pleaded claim or defense in federal court is governed by the federal rules, even though the defense relied on may be a state defense. Although California law provided here the applicable limitations period, Fed.R.Civ.P. 8(c) determines whether the pleading of the limitations defense was sufficient. Rule 8(c) provides, in pertinent part, that "a party shall set forth affirmatively . . . [a defense based upon the] statute of limitations." The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense. *See Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 5 *Wright & Miller Federal Practice and Procedure*, § 1274 at 323. In the instant case, Wyshak received fair notice of the nature of the defense pleaded. Prior to the filing of the amended answer, Wyshak received from CNB a notice of the Motion for Leave to Amend Answer and Counterclaim. To that notice there was attached a copy of the amended answer and a Memorandum of Points and Authorities. While the amended answer simply alleged that "plaintiff's claims are barred by the applicable statute of limitations," the attached memorandum made specific mention of Cal.Code Civ.Proc. § 338.1 as the statute of limitations upon which CNB relied. We find that under these circumstances the statute of limitations was adequately pleaded.

 Finally, since the district court correctly ruled that section 338.1 is the appropriate limitations statute, it would have been futile for Wyshak to amend his complaint to allege fraud, since an allegation of fraud is irrelevant to the application of section 338.1. In such a case, it was not an abuse of discretion to deny Wyshak leave to file an amended pleading. *Sackett v. Beaman*, 399 F.2d 884, 890 (9th Cir. 1968); *Caddy-Imler Creations, Inc. v. Caddy*, 299 F.2d 79, 84 (9th Cir. 1962).

For the foregoing reasons, the judgment of the district court is AFFIRMED.