George P. McCARTIN, Appellant

v.

Eleanor Holmes NORTON, Chairperson, U. S. Equal Employment Opportunity Commission; and Edward Mercado, Appellees.

No. 79–4155.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1980.

Decided April 22, 1982.

George P. McCartin, Berkeley, Cal., for appellant.

Philip B. Sklover, E.E.O.C., Washington, D. C., for appellees.

Before WALLACE and CANBY, Circuit Judges and QUACKENBUSH,* District Judge.

QUACKENBUSH, District Judge.

McCartin brought this action against the Equal Employment Opportunity Commission (EEOC), its chairperson, its New York regional director, and former Senator Edward W. Brooke. McCartin sought injunctive relief and damages on the ground that he was denied promotion to deputy director of the Boston office of the EEOC. He alleged that his qualifications for the position were superior to those of the person appointed, and that the appointee was hired only because of a recommendation by Senator Brooke. The EEOC chairperson, the regional director, the person appointed, and Senator Brooke were all Republicans. McCartin was not. McCartin further alleged that the denial of the promotion forced him to pursue other career opportunities outside of the federal government.

McCartin relies upon a statute and regulation that limit the discretion of officials who make appointment decisions in the civil service. The statute provides:

> An individual concerned in examining an applicant for or appointing him in the competitive service may not receive or consider a recommendation of the applicant by a Senator or Representative, except as to the character or residence of the applicant.

5 U.S.C. § 3303 (1976). The regulation states:

> No discrimination shall be exercised, threatened or promised by any person in the executive branch of the federal government against or in favor of any employee in the competitive service, or any eligible or applicant position in the competitive service because of race, political affiliation, or religious beliefs except as may be authorized or required by law.

5 C.F.R. § 4.2.

McCartin filed a timely complaint with the EEOC, alleging denial of promotion be-cause of political influence. In his complaint in this case, McCartin alleges that after an investigation the EEOC concluded that the matter be resolved favorably to him in accordance with his settlement proposal. He further alleges that the EEOC failed to implement this settlement proposal and approximately seven months later commenced a new investigation. The EEOC then informed McCartin that the issue of political influence would not be reinvestigated. McCartin appealed this decision to the United States Civil Service Commission which affirmed the decision of the EEOC.

McCartin then brought this action in the district court seeking reinstatement to a position commensurate with his ability, education and experience. He also sought back pay and punitive damages. The district court first dismissed Senator Brooke as a defendant on the grounds of improper venue. That ruling is not contested here. The district court then dismissed McCartin's complaint against all other defendants for failure to state a claim, under Fed.R.Civ.P. 12(b)(6), and dismissed the action. This appeal followed.

## I.

■ Insofar as McCartin's complaint attempts to allege an independent cause of action against the defendants for denial of his promotion, it fails to state a claim. McCartin appears to rely on the Administrative Procedure Act, 5 U.S.C. § 702 (1976), to furnish him with the requisite cause of action. That reliance is misplaced. While the Act does waive the sovereign immunity of the United States for purposes of nonmonetary relief, it does not of itself create the substantive right upon which a claim for retroactive relief can be based. *Hill v. United States*, 571 F.2d 1098, 1102–03 (9th Cir. 1978). We do not read either 5 U.S.C. § 3303 or 5 C.F.R. § 4.2, both quoted above, as conferring upon McCartin an independent right to the advanced status he

* The Honorable Justin L. Quackenbush, U. S. District Judge, for the Eastern District of Washington, sitting by designation.

seeks or to damages for its denial in the past. *See Hill, supra,* at 1103.

## II.

■ On appeal, McCartin appears to contend that he is entitled to obtain judicial review of the agency action by which he is aggrieved. On this abstract proposition, he is correct. While the Administrative Procedure Act does not confer jurisdiction on the federal courts to review agency action, it is now clear that 28 U.S.C. § 1331(a) (1976) does. *Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977); *Glacier Park Foundation v. Watt,* 663 F.2d 882, 885–86 (9th Cir. 1981). This court has consequently reviewed the discharge of a federal employee pursuant to § 1331(a). *Albert v. Chafee,* 571 F.2d 1063, 1064 n.1 (9th Cir. 1977).

The Administrative Procedure Act does provide that judicial review of agency action may be precluded where a statute forecloses it, 5 U.S.C. § 701(a)(1) (1976), or where the agency action is committed by law to agency discretion, 5 U.S.C. § 701(a)(2) (1976). The appellees have pointed to no statute that precludes judicial review of the personnel decision involved in this case. Traditionally, however, personnel decisions have been regarded as committed to the discretion of the executive branch. *See United States v. Testan,* 424 U.S. 392, 406, 96 S.Ct. 948, 957, 47 L.Ed.2d 114 (1976). Nevertheless, that fact has not prevented judicial review to determine whether that discretion has been abused or exceeded by a decision that is arbitrary, capricious or contrary to statutory or regulatory provisions. *Alsbury v. United States Postal Service,* 530 F.2d 852, 854 (9th Cir.), *cert. denied,* 429 U.S. 828, 97 S.Ct. 85, 50 L.Ed.2d 91 (1976); *Dennis v. Blount,* 497 F.2d 1305, 1309 n.4 (9th Cir. 1974); *Toohey v. Nitze,* 429 F.2d 1332, 1334 (9th Cir. 1970), *cert. denied,* 400 U.S. 1022, 91 S.Ct. 585, 27 L.Ed.2d 633 (1971); *Burke v. Carpenter,* 387 F.2d 259, 259 (9th Cir. 1967), *cert. denied,* 391 U.S. 903, 88 S.Ct. 1651, 20 L.Ed.2d 417 (1968); *see Frommhagen v. Klein,* 456 F.2d 1391, 1393 (9th Cir. 1972); *Taylor v. United States Civil Service Commission,* 374 F.2d 466, 469 (9th Cir. 1967).

■ We see no reason why personnel decisions involving promotions should be wholly exempt from judicial review particularly where the allegation is that the agency failed to afford the complainant the process due him. This court has held that a denial of promotion may be reviewed, stating that "if there is a patent abuse of . . . discretion, a court will review the action taken, notwithstanding the language of section 701(a)(2)." *Reece v. United States,* 455 F.2d 240, 242 (9th Cir. 1972); *see also Dilley v. Alexander,* 603 F.2d 914 (D.C.Cir.1979); *Vandermolen v. Stetson,* 571 F.2d 617 (D.C. Cir.1977); *McKenzie v. Calloway,* 456 F.Supp. 590 (E.D.Mich.1978), *aff'd,* 625 F.2d 754 (6th Cir. 1980). *Guy v. United States,* 608 F.2d 867 (Ct.Cl.1979). And while there must be a "strong showing" of such "abuse" for the plaintiff to prevail, *Reece, supra,* 455 F.2d at 242, actions which are inconsistent with agency policy, as established by statute or regulation, can qualify as abuses of discretion. *See Nelson v. Andrus,* 591 F.2d 1265 (9th Cir. 1978). While 5 C.F.R. § 771.302(b)(3) (1974) provided that "nonselection for promotion from a group of properly ranked and certified candidates" was exempt from the grievance procedures of the Civil Service Commission, McCartin has claimed that the agencies excluded consideration of the political influence issue. McCartin was entitled to attempt to establish that the list of candidates which included the alleged political appointee was not a "group of properly ranked and certified candidates" by reason of the violation of 5 U.S.C. § 3303. Such failure by the agencies to consider the political issue, if established, would be arbitrary and capricious action since it would have denied McCartin the process due him. *Committee for Full Employment v. Blumenthal,* 606 F.2d 1062, 1065 (D.C.Cir.1979). We therefore think that McCartin's complaint, properly amended, could reflect facts that would entitle him to judicial review of agency action, subject to the narrow scope just discussed.

■■ The difficulty with McCartin's position is that his complaint was not cast in terms seeking judicial review of particular agency action, or inaction, but was instead shaped to assert an independent claim for redress of injuries alleged to follow from his non-promotion. This fact should not, however, put McCartin permanently out of court. It was not clear from the complaint which agency action was to be reviewed and on what record. We conclude, however, that McCartin ought to have been given the opportunity he sought to amend his complaint to seek judicial review. Amendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim. We therefore conclude that it was an abuse of discretion to deny McCartin an opportunity to amend. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Wyshak v. City National Bank,* 607 F.2d 824, 826 27 (9th Cir. 1979); Fed.R.Civ.P. § 15(a).

### III.

■ McCartin also alleged, and contends here, that the decision not to promote him for political reasons violated the fifth amendment. He has not, however, alleged any property interest in his claimed promotion. He has accordingly not stated a fifth amendment claim.[1] *See Board of Regents v. Roth,* 408 U.S. 564, 579, 92 S.Ct. 2701, 2710, 33 L.Ed.2d 548 (1972).

### IV.

■ A thorough review of the record and the briefs submitted in this court establishes that McCartin has at no time claimed that he was denied promotion by reason of *his* exercise of first amendment rights, nor did he invoke the first amendment anywhere in his complaint. His only claim is that he was not promoted by reason of unlawful political interference in favor of the appointee by Senator Brooke. Any discussion of whether a claim might have been properly made by McCartin based upon the first amendment is unnecessary. The rule in this circuit is that we will not review issues that have not been raised in the court below. *United States v. Plechner,* 577 F.2d 596, 598 (9th Cir. 1978).

### V.

■ Even if the underlying facts permit McCartin to state a claim, that claim may still be barred by the doctrine of sovereign immunity. McCartin sued the EEOC, an agency of the United States, and Mercado, the district director, as an individual. In general the United States is immune from suit unless it has consented to be sued. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Hill v. United States,* 571 F.2d 1098, 1101 (9th Cir. 1978). Section 10(a) of the Administrative Procedure Act, 5 U.S.C. § 702, is generally regarded as a waiver of sovereign immunity for persons seeking injunctive relief from the action or non-action of an administrative agency.[2] *Hill, supra,* 571

---

1. While McCartin has not explicitly raised an equal protection issue in his "Questions Presented" to this court, he has raised the lack of fifth amendment due process and equal protection in his complaint and briefs. The requirement of equal protection is implicit within the due process clause. *Vance v. Bradley,* 440 U.S. 93, 94 n.1, 99 S.Ct. 939, 941 n.1, 59 L.Ed.2d 171 (1979). On remand, McCartin should be entitled to argue that Prendergast's alleged promotion for political reasons, if established, would violate the equal protection portion of the fifth amendment. *Elrod v. Burns,* 427 U.S. 347, 366–73, 96 S.Ct. 2673, 2686 -89, 49 L.Ed.2d 547 (1976) (plurality opinion). McCartin, of course, would first be required to factually establish that he would have been the one promoted, except for the alleged political influ-

ence. These issues were not specifically addressed on appeal and we decline to decide them at this time.

2. 5 U.S.C. § 702 provides: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an· agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party . . . ."

F.2d at 1102–03 n.7. Specifically, this court has held that a plaintiff may seek nonmonetary relief from the government for violation of the plaintiff's constitutional rights. *Beller v. Middendorf,* 632 F.2d 788, 797 (9th Cir. 1980).

This court has indicated, however, that a particular remedy may be barred by sovereign immunity if it would work an intolerable burden on governmental functions, outweighing any consideration of private harm. *Washington v. Udall,* 417 F.2d 1310, 1318 (9th Cir. 1969). We do not believe that the nonmonetary remedies sought by McCartin, reinstatement [3] and consideration for promotion, would work an intolerable burden on the government. Nor will it burden the government to insist that personnel decisions be made without political considerations. That limitation has already been imposed by Congress and the Civil Service Commission. 5 U.S.C. § 3303; 5 C.F.R. § 4.2. In *United States v. Testan, supra,* the Supreme Court stated that a federal employee who was denied reclassification could seek injunctive relief by way of mandamus under 28 U.S.C. § 1361, even though a damage remedy was barred by sovereign immunity. 424 U.S. at 403, 96 S.Ct. at 955. McCartin's suit against the government for injunctive relief is therefore not barred by the doctrine of sovereign immunity. We can find no comparable waiver of sovereign immunity which would allow McCartin to recover damages from the government.

██ McCartin also sued Mercado, the district director of the EEOC, as an individual. Since McCartin states no claim of violation of his constitutional rights, his reliance upon *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) is misplaced. Both *Bivens* and *Davis* arose from allegations of constitutional deprivations.

The decision of the district court dismissing McCartin's action is reversed except as to dismissal of his action against Mercado, individually, which dismissal is affirmed. The case is remanded to permit McCartin to file an amended complaint, and for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

WALLACE, Circuit Judge, concurring:

I concur in the majority opinion. I write separately only to explain how the several issues discussed in the opinion relate to one another, and to disassociate myself from the dictum of footnote 1 of the opinion, which comments on a "due process" issue not raised or briefed on appeal.

McCartin argued to us that his complaint stated a claim for equitable and monetary relief arising under the first amendment and the Administrative Procedure Act. Parts I and IV of the opinion reject both contentions. In Part II, the opinion correctly permits judicial review of agency action under 28 U.S.C. § 1331(a). This holding, however, must be viewed in conjunction with Part V, which rejects McCartin's claims for damages against both the government and the individual defendant. Therefore, the opinion holds that McCartin has stated a claim only for nonmonetary relief under section 1331(a) for the alleged arbitrary and capricious conduct of the government defendants in failing to follow certain lawfully-promulgated administrative regulations.

But, surprisingly, after Part III of the opinion properly rejects McCartin's due process claim, footnote 1, which I reject, suggests that McCartin should be permitted to "argue" this due process claim under the equal protection "component" of the fifth amendment's due process clause. It is unfortunate, in my judgment, to reach out to state this gratuitous dictum. Of course, McCartin can argue any issue. My concern is that the district court may imply from the footnote a hint that the argument has merit. As I see it, the rationality test of the fifth amendment's equal protection component means that we must uphold conduct of the federal government if we can hypothesize a rational basis for that conduct, whether articulated or not. *See generally United States R.R. Retirement Bd. v. Fritz,* 449 U.S. 166, 174–77, 101 S.Ct. 453, 458–60, 66 L.Ed.2d 368 (1981). At least in this case, it strikes me as unreasonable to

---

**3.** It remains, of course, for McCartin to establish that his departure from his employment was caused by the impermissible promotion procedure, as he has alleged. *See Heagney v. University of Washington,* 642 F.2d 1157, 1166 (9th Cir. 1981).

attempt to distinguish arbitrary and capricious conduct, which violates due process, from irrational classifications, which violate equal protection. Having rejected the due process claim, it would be an exercise in futility to suggest to the district court that it might now find a lack of rationality in this case. Because Part IV holds that McCartin never adequately raised a first amendment claim, it also seems unnecessary to suggest that he should be permitted to recast any first amendment claim he might allege on remand as a "fundamental right" triggering strict scrutiny review. Regardless, I do not believe that the district court should feel bound by the nonauthoritative language in footnote 1.