**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELISSA ANTABLIN, | No. 19-55778 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-09474-RGK-SS |
| v. | |
| MOTION PICTURE COSTUMERS, LOCAL NO. 705, International Alliance of Theatrical Stage Employees and Motion Picture Technicians, Artists and Allied Crafts, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted June 1, 2020
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Melissa Antablin (Plaintiff) appeals the district court's dismissal without leave to amend of her action against Motion Picture Costumers, Local No. 705 (Local 705). Plaintiff alleged that Local 705 unlawfully interfered with her ability to work as a costumer in retaliation for her internal union speech, her filing of a police report against Local 705 officers, and her filing of a complaint with the Department of Labor.

When determining whether a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure was proper, we accept as true all nonconclusory factual allegations in the plaintiff's complaint, construe all reasonable inferences in favor of the plaintiff, and ask whether the facts are sufficient to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017).

"Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *In re Read-Rite Corp. Secs. Litig.*, 335 F.3d 843, 845 (9th Cir. 2003) (quoting *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991)), *abrogated on other grounds as recognized in South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 782–84 (9th Cir. 2008). In other words, leave to amend should be "liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a

claim." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)). A district court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

We agree with the district court that Plaintiff did not adequately state sufficient facts in her complaint to support her claim of retaliation, such as how Local 705 became aware of her unemployment opportunities and how Local 705 communicated with employers to interfere with those opportunities. *See Landers v. Quality Commc'ns*, 771 F.3d 638, 646 (9th Cir. 2014). However, accepting Plaintiff's allegations as true and construing all reasonable inferences in Plaintiff's favor, she may be able to supply additional allegations to support a plausible claim. *See DCD Programs*, 833 F.2d at 186. Further, because the district court was not afforded particularly broad discretion to deny leave to amend in this case, *see Allen*, 911 F.2d at 373, we hold that the district court abused its discretion by not giving the Plaintiff a single opportunity to amend her complaint. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1006 (9th Cir. 2010) (concluding that the

3

district court abused its discretion in denying leave to amend when there was no showing that amendment would be futile).

**VACATED and REMANDED**.