GLACIER PARK FOUNDATION,
Plaintiff,

v.

Cecil D. ANDRUS, Secretary, Department of the Interior, an agency of the United States of America, Defendant,

and

Glacier Park, Inc., Intervenor.

No. CV–80–128–M.

United States District Court,
D. Montana,
Missoula Division.

Feb. 6, 1981.

**638**

Lawrence A. Anderson, Great Falls, Mont. and John D. Hagen, Jr., Minneapolis, Minn., for plaintiff.

Boone, Karlberg & Haddon, Missoula, Mont. and Johnson & Johnson, Hamilton, Mont., for intervenor.

Robert T. O'Leary, U. S. Atty., Butte, Mont., for defendant.

WILLIAM D. MURRAY, Senior District Judge.

## I. BACKGROUND.

This is an action brought by plaintiff Glacier Park Foundation against Cecil Andrus, Secretary of the Department of Interior. Plaintiff seeks to enjoin the National Park Service from entering into a new long-term concessions contract with Glacier Park, Inc., for the operation of services and accommodations in Glacier National Park. Glacier Park, Inc., is the holder of the current concessions contract. Plaintiff, in its complaint, alleged that the action was brought pursuant to 16 U.S.C. § 20d and regulations promulgated thereunder, 5 U.S.C. § 702 (the Administrative Procedure Act), and 5 U.S.C. § 552 (the Freedom of Information Act). At the hearing on plaintiff's motion for preliminary injunction the court ordered plaintiff's complaint amended to state that the court's jurisdiction was invoked pursuant to 28 U.S.C. § 1331.

Defendant Andrus moved to dismiss the action, raising several grounds discussed below. Andrus was joined in these motions by Glacier Park, Inc., whose motion to intervene was granted at the outset of the hearing. At that hearing the court reserved ruling on the issues raised by the motions. Those motions challenged, generally, the court's jurisdiction to hear the action and plaintiff's right to maintain it.

At the close of plaintiff's evidence defendants renewed their motions to dismiss and the court recessed, taking the motions under advisement.

By order dated January 29, 1981, the court issued its findings of fact and conclusions of law, and its order denying plaintiff's motion for preliminary injunction. The court continued to reserve its ruling on the issues raised by defendants' motions to dismiss. Those issues are: 1) whether the court has jurisdiction of this action; 2) whether the United States has waived its sovereign immunity; and 3) whether the plaintiff has a private cause of action under 16 U.S.C. § 20d. In addition, there are motions to dismiss plaintiff's Freedom of Information Act claim, which are discussed in Section V below.

## II. JURISDICTION UNDER 28 U.S.C. § 1331(a).

■ This court has jurisdiction if this action can be said to "arise under" the laws of the United States, pursuant to 28 U.S.C. § 1331(a). This is a difficult problem for which the case law provides no clear and logical test. 13 Wright & Miller, *Federal Practice & Procedure*, § 3562 at 397. In this case, however, the court is satisfied that the relation of federal law to the action is such that it may be said to be one "arising under" that law and, thus, the court has jurisdiction.

Plaintiff alleges violations of three federal statutes. While the allegations under the Administrative Procedure Act would not alone invoke this court's jurisdiction, *Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977), the allegations relating to 16 U.S.C. § 20d will do so. The allegations "really and substantially involve a dispute or controversy respecting the validity, construction, or effect" of that statute. *Town v. Greenhorn v. Baker County, Oregon*, 596 F.2d 349, 352 (9th Cir. 1979), citing *Shulthis v. McDougal*, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205 (1912).

## III.   SOVEREIGN IMMUNITY.

█    Defendant Andrus contends that 16 U.S.C. § 20d contains no waiver of the sovereign immunity of the United States. Plaintiff, however, has based its action partially upon 5 U.S.C. § 702. That statute has been interpreted by the Ninth Circuit as constituting a waiver of sovereign immunity in cases such as this where plaintiff seeks non-monetary declaratory or injunctive relief. *Hill v. United States*, 571 F.2d 1098, 1102 (9th Cir. 1978). It is important to note, however, that § 702 does not affect existing limitations on jurisdiction or create a cause of action where one does not exist. *Id.* n.7 and *Watson v. Blumenthal*, 586 F.2d 925 (2d Cir. 1978).

## IV.   CAUSE OF ACTION UNDER 16 U.S.C. § 20d.

Defendants contend that plaintiff is not entitled to bring an action under 16 U.S.C. § 20d, and therefore the case must be dismissed. The question presented is whether plaintiff "is a member of a class of litigants that may, as a matter of law, appropriately invoke the power of the court. . . ." *Davis v. Passman*, 442 U.S. 228, 240, n.18, 99 S.Ct. 2264, 2274, 60 L.Ed.2d 846 (1979). The court determines that plaintiff is not, and the motions to dismiss on that ground must be granted.

█    The United States Supreme Court in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), stated that in determining whether a statute contains an implied private remedy, a court should consider four separate questions. First, is the plaintiff a member of the "class for whose *especial benefit* the statute was enacted?" *Texas & Pacific Railway Co. v. Rigsby*, 241 U.S. 33, 36 S.Ct. 482, 60 L.Ed. 874 (1916). (emphasis added). Second, is there any indication of legislative intent, explicit or implicit, either to create or to deny a private right of action? Third, do the underlying purposes of the legislative scheme conflict with private enforcement of the act? Fourth, and last, "is the cause of action traditionally relegated to state law, in an area basically the concern of the States, so that it would

be inappropriate to infer a cause of action based solely on federal law?" *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975), cited in *Sierra Club v. Andrus*, 610 F.2d 581, 587 (9th Cir. 1979). (Other citations omitted).

Prior to addressing the four factors set forth above, it is important to discuss a critically important factor, and one that plaintiff attempts to gloss over in all its arguments to this court. That is, plaintiff is a disappointed concessionaire, no more and no less. It can be treated no differently than would an established concessionaire who had submitted a proposal for operation of the Glacier Park concessions and had its proposal not accepted. This court has a great deal of respect for the goals of the Glacier Park Foundation. Its desire to save the historic structures in Glacier Park and to operate Park concessions in a manner consistent with its goals are admirable. These laudable purposes cannot, however, place the Foundation on any different legal footing than any other disappointed concessionaire. It is on that basis, then, that an analysis of the existence of plaintiff's cause of action is undertaken.

The statute which plaintiff contends provides the basis for this action is 16 U.S.C. § 20d, which states:

The Secretary shall encourage continuity of operation and facilities and services by giving preference in the renewal of contracts or permits and in the negotiation of new contracts or permits to the concessioners who have performed their obligations under prior contracts or permits to the satisfaction of the Secretary. To this end, the Secretary, at any time in his discretion, may extend or renew a contract or permit, or may grant a new contract or permit to the same concessioner upon the termination or surrender before expiration of a prior contract or permit. Before doing so, however, and before granting extensions, renewals or new contracts pursuant to the last sentence of section 20c of this title, the Secretary shall give reasonable public notice of his intention so to do and shall consider

and evaluate all proposals received as a result thereof.

An examination of the legislative history of this statute indicates that the handling of concession contracts for the national parks is a unique procedure. This history, reported in 1965 U.S.Code Cong. & Ad. News 3489, 3492–93, states in part that

> The bill provides that established concessioners who have performed satisfactorily shall be given preference in the renewal of old contracts and in the negotiation of new contracts. . . . This is not, and is not intended to be, a bidding procedure, with the award automatically going to the high bidder, but is intended to bring to the attention of the public, the Secretary, and all interested parties the situation and to insure all concerned that in negotiating the new contract all relevant factors are taken into account. One of these factors, of course, and a very important one, is the desirability of continuity of operations and operators.

This preference right of existing concessionaires performing satisfactorily is made explicit in 16 U.S.C. § 20c and is interpreted as a right of first refusal. 36 C.F.R. 51.

With that understanding of the statute as background the court will undertake an analysis of the four factors from *Cort v. Ash, supra.*

A. Is plaintiff a member of the class for whose especial benefit the statute was enacted?

█ This question "is answered by looking to the language of the statute itself." *Cannon v. University of Chicago*, 441 U.S. 677, 689, 99 S.Ct. 1946, 1953, 60 L.Ed.2d 560 (1979). Scrutiny of the statute reveals no mention of anyone other than the existing concessionaire and the Secretary. The only possible mention of any other persons are the reference to notice and evaluation of proposals contained in the last sentence of 16 U.S.C. § 20d. It cannot be said on the basis of that bare mention that 16 U.S.C. § 20d was enacted for the "especial benefit" of disappointed concessionaires. *Texas v. Pacific R. Co. v. Rigsby*, 241 U.S. 33, 39, 36

S.Ct. 482, 484, 60 L.Ed. 874 (1916), cited in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975).

B. Is there any indication of legislative intent to create or deny plaintiff's cause of action?

The legislative history makes it clear that the procedure for granting concessions contracts is not a bidding procedure. Those who submit proposals prior to the Secretary entering into a new contract with the existing concessionaire cannot expect rights on the same level as unsuccessful bidders in instances where the United States entered into contracts through a bidding procedure. At the time 16 U.S.C. § 20d was enacted, the United States Supreme Court had declared that the formal contract requirements of the Public Contract Law did not create a private cause of action for unsuccessful bidders in *Perkins v. Lukens Steel Co.*, 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940). It is reasonable to assume, therefore, that had Congress wished to create a cause of action in favor of those who had submitted proposals to the Secretary for concession contracts and whose proposals were not accepted, it would have done so explicitly, which it did not.

In addition a reading of the whole act indicates a legislative intent to grant rights to existing concessionaires and to favor continuity in operation of park concessions. This reading of the statute is supported by the decision in *Fort Sumter Tours v. Andrus*, 564 F.2d 1119 (4th Cir. 1977), also cited by plaintiff to support its argument that it, as a disappointed concessionaire, is entitled to maintain a cause of action under 16 U.S.C. § 20d. Plaintiff's reliance on *Fort Sumter Tours* is misplaced, however, for that case was brought by an existing concessionaire who was specifically entitled to a statutory preference and who sued to protect that right. The case at bar is brought by a disappointed concessionaire who has none of the interests granted the existing concessionaire by 16 U.S.C. §§ 20c, 20d and 20e.

C. Is it consistent with the underlying purposes of the legislative scheme to imply a private cause of action in favor of plaintiff?

The basis of this requirement is obvious. As stated in *National Railroad Passenger Corp. v. National Ass'n of Railroad Passengers*, 414 U.S. 453 at 457–458, 94 S.Ct. 690, 692–693, 38 L.Ed.2d 646 (1974):

It goes without saying . . . . that the inference of such a private cause of action not otherwise authorized by the statute must be consistent with the evident legislative intent and, of course, with the effectuation of the purposes intended to be served by the Act.

It appears from a reading of the statutes that the major congressional intent is to encourage continuity of operation of concession facilities. Whether Congress has chosen the wisest course in this regard is questionable, yet it appears to have done so. To imply a private right of action on behalf of any concessionaire submitting a proposal and allowing it to enjoin the ongoing management of concession facilities would result in a serious frustration of the expressed legislative purpose.

In light of the court's determination that plaintiff has no cause of action under 16 U.S.C. § 20d it is unnecessary to examine the fourth factor of *Cort v. Ash, supra*, to determine whether the cause of action is one traditionally relegated to state law. Plaintiff's failure to demonstrate the existence of a private cause of action in its favor is fatal and its complaint, with the exception of the Freedom of Information Act claim, discussed below, must be dismissed.

## V. FREEDOM OF INFORMATION ACT CLAIM.

The court is unable, at this time, to rule on plaintiff's Freedom of Information Act claim. Defendant refuses to release the information sought by plaintiff, citing the fourth exemption to the Act, set forth in 5 U.S.C. § 552(b)(4). This exemption provides that the disclosure provisions of the Act do not apply to "trade secrets and commercial or financial information obtained from a person and privileged or confidential . . . ."

In order to decide if the information sought by plaintiff's request is "confidential" within the meaning of the exemption, it is necessary to determine "whether public disclosure of the information in question would be likely to cause substantial harm to the competitive positions of the parties from which it was obtained." *National Parks and Conservation Association v. Morton*, 498 F.2d 765 (D.C.Cir.1974); (*National Parks I*), on later appeal, 547 F.2d 673 (D.C.Cir.1976), (*National Parks II*). Thus, it will be necessary for this court to receive evidence on the question of substantial harm to Glacier Park, Inc.'s competitive position before ruling on the merits of plaintiff's Freedom of Information Act claim. See, *National Parks II, supra*. This will be done at a hearing to be set at a later date.

## VI. CONCLUSION AND ORDER.

Although the court has previously issued its findings of fact and conclusions of law and ordered that plaintiff's motion for preliminary injunction be denied, it is clear that the court must now dismiss that portion of plaintiff's complaint alleging a violation of 16 U.S.C. § 20d.

IT IS THEREFORE ORDERED and this does order that defendants' motions to dismiss plaintiff's complaint with regard to the alleged violations of 16 U.S.C. § 20d be and the same are hereby granted.

IT IS FURTHER ORDERED that ruling on defendants' motions to dismiss plaintiff's Freedom of Information Act claim be and the same are hereby reserved for later determination by the court.