**GLACIER PARK FOUNDATION,**
Plaintiff-Appellant,

v.

**James G. WATT, Secretary, Department of the Interior, an agency of the United States of America, Defendant-Appellee,**
and

**Glacier Park, Inc., Intervenor.**

Nos. 81–3102, 81–3511.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 1981.

Decided Dec. 10, 1981.

As Amended Jan. 6, 1982.

Rehearing and Rehearing En Banc
Denied Feb. 8, 1982.

John D. Hagen, Jr., Minneapolis, Minn., for plaintiff-appellant.

Robert T. O'Leary, Butte, Mont., for defendant-appellee.

Sam Haddon, Boone, Karlberg & Haddon, Missoula, Mont., for intervenor.

Before BROWNING and WRIGHT, Circuit Judges, and THOMPSON,* Senior District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Glacier Park, Inc. (GPI) has operated the concessions at Glacier Park for 20 years. Its contract with the National Park Service (Service) was to expire in 1985. Because substantial improvements to the park facilities were necessary, the Service decided to cancel the existing contract and solicit proposals for a new long-term contract to provide for the new work. Notice of the Service's intent to solicit proposals was published in the Federal Register in June 1980. Interested parties were given 81 days to submit proposals, the minimum 60–day period plus an additional 21 days added when the Service revised its requirements for the proposals.

* Of the District of Nevada.

GPI and Glacier Park Foundation (Foundation) submitted proposals. The Service evaluated them and rejected the Foundation's proposal. The Service sent a letter to GPI, worded in terms of a rejection. Another letter to a company wishing to buy GPI stated that further negotiations would take place. A 25-year contract between GPI and the Service was signed in December 1980.

The Foundation sought preliminary and permanent injunctions to void the contract. It claimed that the Service, under the authority of the Secretary of the Interior, had: (1) provided insufficient notice of its intent to seek proposals, (2) provided insufficient time for parties to prepare proposals, (3) wrongfully denied the Foundation's Freedom of Information Act request for GPI's past financial reports, and (4) negotiated with GPI after it rejected both proposals in violation of the regulations requiring a resolicitation upon rejection of all proposals. 36 C.F.R. §§ 51.5 and 51.4(c). The Foundation's challenge was based on either the Administrative Procedure Act, 5 U.S.C. § 702, or an implicit private right of action under the Concessions Policy Act, 16 U.S.C. § 20d.

On motion by the Service, the district court dismissed the complaint and denied the preliminary injunction. It specifically retained jurisdiction over the FOIA claim. This court has jurisdiction of the dismissal of the injunction under 28 U.S.C. § 1292(a). Jurisdiction over the dismissal of the complaint is proper under Fed.R.Civ.P. 54(b).

The appeal is not moot even though a new contract was signed. The parties remain adverse and the allegedly improper actions by the Secretary continue to have an adverse effect upon the Foundation. GPI has begun performance under the new contract but can be compensated for work done should that contract be terminated. 16 U.S.C. § 20e. Effective relief may still be granted. *Jones v. S. E. C.*, 298 U.S. 1, 17–18, 56 S.Ct. 654, 658, 80 L.Ed. 1015 (1936).

I. *Did the district court properly deny the preliminary injunction?*

The district court's refusal to grant a preliminary injunction can be reversed only if there was an abuse of discretion. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132–33 (9th Cir. 1979). A preliminary injunction should be granted only if the movant can show either: (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the movant's favor. *Id.* at 1134. Both tests have been applied in this circuit.

While the Foundation does have a strong chance of success, *see* Section IV *infra*, it has not shown that irreparable injury would result from allowing the new contract to stand during the course of these proceedings. Future relief can be granted because any work done by GPI under the new contract will be reimbursed if that contract is later withdrawn. 16 U.S.C. § 20e. The Foundation's allegations of irreparable harm to the environment and historical values are unsubstantiated.

Under the second test for a preliminary injunction, the Foundation again has not made a sufficient showing. The balance of hardships must tip *sharply* in its favor. The district court found that safety improvements were needed for the 1981 summer season. It found also that these improvements could not be done unless the new contract was allowed to proceed. Although the Foundation disputes this and argues that the improvements would have been done without the new contract, the district court's finding is not clearly erroneous.

The denial of the preliminary injunction is affirmed.

II. *Implied private right of action under the Concessions Policy Act.*

The Foundation's claim for a private right of action under the Concessions Policy Act must be denied. The primary question in determining whether such an

action is implicit in a statute is whether Congress intended to create one. *Touche Ross & Co. v. Redington,* 442 U.S. 560, 575, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979). Several factors are usually examined, including the language and focus of the statute, its legislative history, and its purpose. *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975). These factors need not be examined closely here because a private right of action is not " 'necessary to make effective the congressional purpose' ". *Chrysler Corp. v. Brown,* 441 U.S. 281, 317, 99 S.Ct. 1705, 1725, 60 L.Ed.2d 208 (1979) *quoting J. I. Case v. Borak,* 377 U.S. 426, 433, 84 S.Ct. 1555, 1560, 12 L.Ed.2d 423 (1964).

In *Chrysler,* as here, the Court found that the plaintiff could properly challenge the questioned administrative actions under the Administrative Procedure Act, 5 U.S.C. § 702, and thus, a private right of action under the substantive statute was unnecessary. *See Fort Sumter Tours, Inc. v. Andrus,* 564 F.2d 1119 (4th Cir. 1979) (when the existing concessionaire challenged certain acts by the Secretary under 16 U.S.C. § 20d, the court allowed a claim under the APA).

III. *Dismissal of the complaint following the determination that the Concessions Policy Act provided no private right of action.*

██ Regardless whether a statute implies a private right of action, administrative actions thereunder may be challenged under the APA unless they fall within the limited exceptions of that Act. 5 U.S.C. § 701(a). The Service and GPI argue that *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), held that the APA, in and of itself, affords no implied grant of jurisdiction to a district court. They conclude that the Foundation's claim must be dismissed if no private right of action is found in the Concessions Policy Act.

██ This argument overlooks the statement in *Califano* that, while the APA does not in itself provide jurisdiction, 28 U.S.C. § 1331 does. A plaintiff need not establish a private right of action under a statute before it may sue under the APA. *Chrysler Corp. v. Brown, supra; Fort Sumter Tours, Inc. v. Andrus, supra. California v. Sierra Club,* 451 U.S. 287, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981), also cited by GPI and the Service, does not contradict this. In the latter case, the plaintiffs sought to challenge the administrative action only under the substantive statute. The APA was not pleaded. The subsequent dismissal of that complaint does not require dismissal here.

██ Although it was not addressed by the district court, we find that the Foundation has standing to sue under the APA. A plaintiff must prove that it was injured in fact, and that its interest is within the zone of interests protected or regulated. *Data Processing Service Org., Inc. v. Camp,* 397 U.S. 150, 151–53, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970).

The Foundation was injured when, because of the Service's violations of 16 U.S.C. § 20d and its regulations, the Foundation was unable to compete on an equal basis for the concessions contract. *Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). *See William F. Wilke, Inc. v. Dept. of Army,* 485 F.2d 180, 183 (9th Cir. 1973). *Cf. Regents of Univ. of Calif. v. Bakke,* 438 U.S. 265, 280–81 n.14, 98 S.Ct. 2733, 2742–43, 57 L.Ed.2d 750 (1978). Its economic interest as a potential concessionaire, and its esthetic interests in preservation of the historical nature of Glacier Park are within the zone of interests protected by the statute. *Id.; United States v. SCRAP,* 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973); *Scanwell Laboratories, Inc. v. Shaffer,* 424 F.2d 859 (D.C.Cir.1970).

██ Judicial review under the APA may be denied only if Congress clearly intended to foreclose review or the issue is one committed to agency discretion. 5 U.S.C. § 701(a). The Secretary and GPI argue that the decisions here in question fall within the latter exception. This argument is without merit.

If the Foundation were challenging the decision to award the contract to GPI, its claim might be one based on a non-reviewa-

ble decision. The Foundation does not challenge that but only the process by which it was reached. Procedural flaws are within the court's realm of expertise and are reviewable. *See East Oakland-Fruitvale Planning Council v. Rumsfeld*, 471 F.2d 524, 534–35 (9th Cir. 1972).

### IV. *The merits of the claims under the APA.*

 Although evidence on the merits of the Foundation's claims was adduced in the context of a hearing on its motion for a preliminary injunction, the Service contends and the language of the district court's order suggests that the hearing was also intended as a final adjudication on the merits. The district court has the power to consolidate such hearings. Fed.R.Civ.P. 65(a)(2). Such action may be taken by stipulation, motion, or even *sua sponte* so long as the procedures do not result in prejudice to either party. *Eli Lilly & Co. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1106 (5th Cir.1972). Assuming the merits were reached, it is proper for us to review the district court's findings of fact and conclusions of law.

On the basis of the present record, we find no merit in the Foundation's claims that the Service provided insufficient notice of its intent to seek proposals or insufficient time for those proposals to be prepared. The notice was published in the Federal Register and the time allowed was longer than the minimum required by the regulations.

However, on the present record we do find that the Service violated 36 C.F.R. § 51.4(c) when it negotiated with GPI after *rejecting* both proposals.

In oral argument, both the Service and GPI admitted that the letter sent to GPI was, in "normal contract parlance," a rejection. They argued, however, that the letter sent to the company interested in buying GPI refuted this conclusion, and that it was within the Service's discretion to negotiate further because it had not "finally" rejected GPI's proposal.

*Rejection* is not defined in the regulations. Without a definition, we must assume it carries its normal meaning. It should not be left to the Service to decide arbitrarily when it has "rejected" a proposal. Again in accordance with normal contract law, a rejection of an offer should be effective when dissatisfaction with its material terms is communicated to the offeror, regardless what is said to a third party. Both proposals were rejected. The Service was required either to resolicit proposals or drop the solicitation. 36 C.F.R. § 51.4(c).

### V. *Conclusion.*

The district court will be free on remand to determine whether the decision was intended as a final adjudication on the merits and whether the parties were given a fair opportunity to present their entire case on the merits. If it finds a final adjudication was not intended or that a fair opportunity was not given, it may conduct further evidentiary proceedings before rendering a final decision. If it finds the merits were finally and fairly determined, then the court shall enter an appropriate order requiring a resolicitation of proposals by the Service. In either event the FOIA claim is still pending.

Reversed and remanded.