**LUMBER, PRODUCTION AND INDUSTRIAL WORKERS LOG SCALERS LOCAL 2058, Charles Smedley and Ray Jepsen, Plaintiffs,**

**v.**

**UNITED STATES of America, John R. Block, Secretary of Agriculture; Jeff M. Sirmon, Regional Forester, United States Forest Service; Northwest Log Scalers Cooperative, an Oregon cooperative corporation; and Southern Oregon Log Scaling and Grading Bureau, an Oregon nonprofit corporation, Defendants.**

Civ. No. 82–719–PA.

United States District Court, D. Oregon.

Jan. 6, 1984.

280

Michael T. Garone, Jolles, Sokol & Bernstein, P.C., Portland, Or., for plaintiffs.

Charles H. Turner, U.S. Atty., Jack B. Collins, Asst. U.S. Atty., Portland, Or., for federal defendants.

## OPINION

PANNER, District Judge.

Plaintiffs, a lumber workers union and two of its officials, bring this action to enjoin certain federal officials from continuing to recognize a log scalers cooperative. They contend that union members have lost substantial job opportunities because the U.S. Forest Service recognized the cooperative in violation of the Forest Service Manual ("Manual"). The Forest Service recognized the cooperative even though it lacked a bylaws provision specifying approved methods for compensating employees. The union represents employees of a competing scaling organization which lost business after the Forest Service recognized the cooperative. Plaintiffs contend the Manual provision is binding. Defendants contend plaintiffs lack standing and that the provision is not binding. The case was submitted to me for trial on stipulated facts. I hold for defendants.

## JURISDICTION

Jurisdiction is founded on 28 U.S.C. § 1331. *See Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977); *McCartin v. Norton,* 674 F.2d 1317, 1320 (9th Cir.1982); *Glacier Park Foundation v. Watt,* 663 F.2d 882, 885–86 (9th Cir.1981).

## PARTIES

Plaintiffs are Local 2058, Lumber, Production and Industrial Workers Union ("Union"), Ray Jepsen, Union's president, and Charles Smedley, Union's financial secretary. Union is the collective bargaining agent for wages, hours and conditions of employment for log scalers employed by the Southern Oregon Log Scaling and Grading Bureau ("Bureau"). Federal defendants include Secretary of Agriculture John R. Block and Regional Forester Jeff M. Sirmon, Region 6, U.S.D.A.-Forest Service. The Bureau and the Northwest Log Scalers Cooperative ("Coop") were dismissed from the case.

## FACTS

The parties stipulated to the following facts.

In its timber sales contracts for Region 6 (Oregon and Washington), the Forest Service requires that timber cut from the national forests be sold by volume. The contracts require that "scaling" of logs to determine their volume be done by Forest Service employees or by recognized third-party scalers. In Region 6, approximately 86 percent of the five billion board foot volume annually cut from the national forests is scaled by third-party organizations.[1] Purchasers of timber make contractual arrangements with one of the approved third parties for scaling services.

The Forest Service Manual provides for two types of third-party scaling organiza-

1. Four of the 19 national forests in Region 6 require scaling by the Forest Service.

tions. "Bureaus," such as the Southern Oregon Bureau, are nonprofit service organizations sponsored by forest products sellers or purchasers. "Independent third-party scaling organizations," such as the Coop, are not associated with forest products sellers or purchasers. Under direction of the Chief of the Forest Service, Max Peterson, the Forest Service has moved to encourage competition between third-party scaling organizations.

In 1978, the Forest Service promulgated amendments to its Manual authorizing independent third-party scaling organizations, rather than just bureaus, to perform scaling work. Later in 1978, the Forest Service recognized the Coop as an independent third-party scaling organization. The Coop has contracts for scaling timber with several purchasers of national forest timber.[2] Some time after 1978, the business of the Bureau declined. Union represents employees of the Bureau. Union's members have lost substantial job opportunities. In March, 1981, Westbrook Lumber Company terminated its agreement with the Bureau and contracted instead with the Coop. In May, 1981, Boise Cascade Corporation changed scaling services from the Bureau to the Coop on two sites, but retained the Bureau on its other sites.

The Manual requires that the bylaws of third-party scaling organizations, including the Bureau and Coop, provide that the manager, employees and scalers be paid on a wage or salary basis. FSM 2443.7(1)(f); 2443.7(2)(d). Neither the Bureau nor Coop have bylaws containing the required provision. The Coop's bylaws provide that all members have the option of working as independent contractors, self-employeds, or employees of the Coop. However, both the Bureau and Coop pay their employees salaries or hourly wages, not wages measured by the volume scaled or the earnings of the organization.[3]

The Manual is issued by the Chief of the Forest Service. The provisions relied on by plaintiffs have not been subject to the notice and comment procedures of the Administrative Procedures Act, 5 U.S.C. § 553 and have not been published in the Federal Register.

DISCUSSION

*I. Standing.*

██ Injury caused to an aggrieved party must arguably be within the "zone of interests" to be protected by the regulatory provision at issue. *See Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970). The Manual provision requiring that independent third-party scaling organizations have bylaws requiring payment of employees on a wage or salary basis is FSM 2443.7(2)(d). Plaintiffs contend this provision is for the benefit of those scaling organizations like the Bureau which have been previously recognized by the Forest Service and assigned a territory. "If such regulations can be ignored and any third party organization can enter the scaling business," plaintiffs argue, "those organizations which have been duly recognized will find themselves threatened by competition which, under the express terms of the regulations, should not exist." Plaintiffs' Post-Trial Brief, p. 11.

██ I find that the purpose of the Manual provision is to ensure an honest measure of the volume scaled. Payments for harvested national forest timber are based on this volume. There must be no incentive to the scaler to determine either more or less volume than actually is harvested. The proposed bylaws provision has as its aim the accurate determination of volume.[4] This protects the Government by assuring it will be paid the full value of the timber

---

2. No contracts exist between the Forest Service and either the Bureau or Coop.

3. Apparently all members of the Coop are employees rather than self-employeds or independent contractors.

4. FSM 2443.7(2)(d) achieves this aim by precluding payments to scalers based on the volume of timber scaled or the amount of earnings of the scaling organization.

removed and timber purchasers by assuring they will receive the full amount of timber for which they pay. The provision is not designed to protect established scaling bureaus from competition. I find the injury of which plaintiffs complain is not within the "zone of interests" promoted by FSM 2443.7(2)(d).

An additional requirement plaintiffs must meet to establish standing is that their injury must be "fairly traceable" to some illegal action taken by defendants. *See Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982); *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 41–42, 96 S.Ct. 1917, 1925–26, 48 L.Ed.2d 450 (1976); *Linda R.S. v. Richard D.,* 410 U.S. 614, 617–18, 93 S.Ct. 1146, 1148–49, 35 L.Ed.2d 536 (1973).

█ Plaintiffs allege that the loss of jobs and job opportunities was caused by actions of the Forest Service. Plaintiffs rely entirely on the occurrence of a series of events. They offer no proof of a causal relationship between the events. The only evidence is that three years after the Forest Service recognized the Coop, two wood products firms changed scaling organizations, substituting the Coop for the Bureau. The Bureau has since laid off Union members.

There is no evidence of a cause and effect relationship between the Forest Service's approval of the Coop in 1978 and subsequent layoffs of Union members. There is no contract between the Forest Service and the various scaling organizations. There is no exclusive right of the Bureau to provide scaling in a particular area. In fact, the Forest Service believes competition among scaling organizations is advisable, and six scaling organizations, including the Bureau and Coop, are approved to scale in western Oregon and western Washington.

There are more likely causes for the loss of employment. I take judicial notice that the Northwest wood products industry has been in a recession since approximately 1980. Timber purchasers are harvesting at a lesser rate than previously. There are fewer logs to scale and less need for scalers. It is the purchasers, rather than the Forest Service, who decide whether to use the services of the Bureau, the Coop, or some other organization.

I find plaintiffs have not proved by a preponderance of the evidence that the injury for which they seek redress was caused by actions of the defendants they named.[5]

Plaintiffs lack standing to maintain this action.

## II. "Force and Effect of Law."

I will address the merits of plaintiffs' case as though I had found standing.

Plaintiffs allege that FSM 2443.7(2)(d), the Manual provision that independent third-party scaling organizations have bylaws requiring payment of employees on a wage or salary basis, is binding on the Forest Service. This is so only if FSM 2443.7(2)(d) has the force and effect of law. The apposite question is whether the Manual provision is an internal management guideline or a rule affecting important substantive rights promulgated under a statutory grant of authority. *See Chrysler Corporation v. Brown,* 441 U.S. 281, 301, 99 S.Ct. 1705, 1717, 60 L.Ed.2d 208 (1979).

In *United States v. Fifty-Three (53) Eclectus Parrots,* 685 F.2d 1131 (9th Cir. 1982), the Ninth Circuit summarized the pertinent inquiry:

---

**5.** This is not to say that plaintiffs have failed to join indispensable parties. Defendants argue that those timber sales purchasers who presently have agreements with the Coop should have been joined pursuant to Fed.R.Civ.P. 19(a). The court has dismissed already both the Bureau and Coop from the case. Under the law of the case, if these two entities are not necessary or indispensable, the same must be said for the timber sales purchasers with agreements with the Coop. Plaintiffs are not making any claims or asserting any rights against these purchasers, whom defendants have not named.

Recently, the Circuit stated: " '[N]ot all agency policy pronouncements which find their way to the public can be considered regulations enforceable in a federal court.' " *Rank v. Nimmo*, 677 F.2d 692, 698 (9th Cir.1982), *quoting Chasse v. Chasen*, 595 F.2d 59, 62 (1st Cir.1979). To have the " 'force and effect of law,' " enforceable against an agency in federal court, the agency pronouncement must "(1) prescribe substantive rules—*not* interpretive rules, general statements of policy or rules of agency organization, procedure or practice—and, (2) conform to certain procedural requirements." *Id.* at 698 (emphasis in original). To satisfy the first requirement the rule must be legislative in nature, affecting individual rights and obligations; to satisfy the second, it must have been promulgated pursuant to a specific statutory grant of authority and in conformance with the procedural requirements imposed by Congress. *Id.*

685 F.2d at 1136.

The Manual provision at issue here fails to meet either requirement. First, the Manual is basically "a large compilation of guidelines ...." *Texas Committee on Natural Resources v. Bergland*, 433 F.Supp. 1235, 1238 (E.D.Tex.1977), *rev'd on other grounds*, 573 F.2d 201 (5th Cir.), *cert. denied*, 439 U.S. 966, 99 S.Ct. 455, 58 L.Ed.2d 425 (1978). The regulations of the Secretary of Agriculture governing the administration of National Forest System lands are set forth in title 36, chapter 2, of the Code of Federal Regulations. Internal agency procedures, on the other hand, are set down in a system of directives published in the office of the Chief of the Forest Service by the Forest Service's division of administrative management. These directives make up the Forest Service Manual and Handbook. *See* 36 C.F.R. § 200.-4(c)(1) and (2). FSM 2443.7(2)(d) is one of a series of general guidelines pertaining to contracting between national forest timber

purchasers and scaling bureaus and independent scaling organizations. It is not a "substantive" rule.

Second, FSM 2443.7(2)(d) was not promulgated in accordance with the notice and comment rulemaking procedures specified in the APA, 5 U.S.C. § 553, and does not appear in the Federal Register. It is not a "regulation."

Under some circumstances it is possible to conclude that provisions of the Manual are binding on the Forest Service.[6] This is so if there is a sufficient nexus between the rules and a particular statutory provision "to conclude that the grant of authority contemplates the regulations issued." *Chrysler Corporation*, 441 U.S. at 308, 99 S.Ct. at 1720–21. Plaintiffs contend that there is such a nexus between 16 U.S.C. §§ 472a(h) and 572(a) and FSM 2443.7(2)(d).

Title 16 U.S.C. § 472a is a statute which empowers the *Secretary of Agriculture* to regulate sales of timber from national forests. The Manual, however, is issued by the Chief of the Forest Service rather than the Secretary. In addition, section 472a(h) does not even mention scaling. And section 572(a) pertains to cooperation between the Secretary and public or private agencies in working land under state or private ownership. It appears irrelevant to the present dispute. It cannot be said that these statutes "contemplate" the issuance of a rule regarding the bylaws of third-party scaling organizations.

■ I find FSM 2443.7(2)(d) is not binding on the Forest Service. *Cf. Hi-Ridge Lumber Co. v. United States*, 443 F.2d 452, 455 (9th Cir.1971) (Forest Service Manual provision not binding); *National Forest Preservation Group v. Butz*, 485 F.2d 408, 413 (9th Cir.1973) (not deciding whether violation of Forest Service Manual alone would invalidate a land exchange); *Beck Park Apartments v. U.S. Dep't. of Housing*, 695 F.2d 366, 371 (9th Cir.1982) (HUD

---

**6.** It has been noted that the Forest Service, "rather than include its detailed regulations in the Code of Federal Regulations, maintains the Forest Service Manual." *Parker v. United*

*States*, 448 F.2d 793, 797 (10th Cir.1971), *cert. denied*, 405 U.S. 989, 92 S.Ct. 1252, 31 L.Ed.2d 455 (1972).

handbook provision did not have force of law); *United States v. Fifty-Three (53) Eclectus Parrots,* 685 F.2d at 1136 (U.S. Customs Manual is internal agency guide not for use or reliance by general public); *Rank v. Nimmo,* 677 F.2d 692, 698–99 (9th Cir.), *cert. denied,* 459 U.S. 907, 103 S.Ct. 210, 74 L.Ed.2d 168 (1982) (Veterans Administration handbook and circulars did not prescribe "legislative-type" rules enforceable in court); *Concerned Residents of Buck Hill Falls v. Grant,* 537 F.2d 29, 38 (3rd Cir.1976) (Soil Conservation Service guide specifies merely internal operating procedures); *No Oilport! v. Carter,* 520 F.Supp. 334, 368 (W.D.Wash.1981) (Bureau of Land Management guidelines not binding). *But cf. Foundation For North American Wild Sheep v. United States Department of Agriculture,* 681 F.2d 1172, 1182 (9th Cir.1982) (suggesting failure to prepare environmental impact statement violated Forest Service Manual provision).

Plaintiffs also contend that the Forest Service's recognition of the Coop violated FSM 2443.7(1)(h). That provision reads in part:

> In the proposed area in which the bureau is recognized a bureau shall provide scaling services for the Forest Service on all National Forest log scale timber sales purchased by its member[s] unless it is agreed that scaling be done by the Forest Service or other organization[s].

FSM 2443.7(1)(h). Plaintiffs read this provision to give the Bureau a right to veto the recognition of other scaling organizations. Plaintiffs' Post-Trial Brief, p. 6. Assuming that plaintiffs' interpretation is correct, and assuming further that plaintiffs then have standing, the provision nevertheless is not binding on the Forest Service. It was not promulgated under A.P.A. procedures and not contemplated by any statutory provision.

## CONCLUSION

Plaintiffs lack standing. FSM 2443.-7(2)(d) and 2443.7(1)(h) are not binding. Judgment will issue for defendants.

The foregoing opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52(a).

IT IS SO ORDERED.