HAYES INTERNATIONAL, INC., and Ball, Ball, Duke & Matthews, P.A., Plaintiffs,

v.

The UNITED STATES DEPARTMENT OF the NAVY, et al., Defendants.

Civ. A. No. 86–T–1129–S.

United States District Court, M.D. Alabama, S.D.

July 31, 1987.

**229**

## ORDER

MYRON H. THOMPSON, District Judge.

In this federal action, plaintiff Hayes International, Inc., seeks to have the court require that the defendants, the Department of the Navy and various Navy officials, allow certain Navy personnel to testify in state court regarding factual information turned up in a Navy investigation. This cause is now before the court on the Navy defendants' motion to dismiss count two of Hayes's complaint, as amended. For reasons that follow, the motion should be denied.

On November 15, 1985, a Navy aircraft crashed shortly after take-off from a Hayes International facility in Dothan, Alabama. The estates of the three Navy crew members killed in the crash subsequently filed suits against the company in an Alabama court. In the state suits, Hayes has attempted to gain access to information and materials uncovered by two teams of Navy investigators sent to the crash site. Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C.A. § 552, much of the material sought by the company has been produced. However, Hayes suspects that some of the factual information known to the Navy investigators, but which the Navy has instructed them not to disclose, would be useful to the company in preparation of its state court defense. The Navy has asserted that the information sought is privileged and has refused to provide the information.

In count two of this federal lawsuit, Hayes seeks, on the basis of the Administrative Procedure Act (APA), 5 U.S.C.A. §§ 701–706, to have the court "enjoin the defendants from prohibiting certain Navy personnel from testifying as to factual information by way of deposition under 32 C.F.R. Part 97," a federal regulation governing the release of information and testimony by Department of Defense personnel in federal and state courts.[1] The company asserts that, in response to its discovery

John R. Matthews, Jr., C. Winston Sheehan, Jr., Gerald C. Swann, Jr., Ball, Ball, Duke & Matthews, Montgomery, Ala., for plaintiffs.

John C. Bell, U.S. Atty., David L. Allred, Asst. U.S. Atty., Montgomery, Ala., and Linda Lance, Catherine J. Lanctot, Dept. of Justice, Civil Div., Washington, D.C., for defendants.

---

1. In count one of its complaint, Hayes merely seeks documentary materials pursuant to FOIA; the company does not seek to compel testimony. Count one is therefore not subject to the Navy defendants' motion to dismiss.

request in state court, the Navy authorized the depositions of Navy personnel, but noted that four of the five proposed deponents would be substantially restricted in the scope of their testimony, because, as members of the Navy's Aviation Mishap Investigation Board, they derived what knowledge they had from privileged sources. Hayes contends that this withholding of information in the state proceedings is arbitrary, capricious, abusive of discretion, unwarranted by the facts, and contrary to the evidence, in violation of § 706 of the APA and 32 C.F.R. Part 97.[2]

The Navy defendants contend that this court lacks jurisdiction over Hayes's claim in count two. Relying upon *Giza v. Secretary of Health, Education, and Welfare,* 628 F.2d 748 (1st Cir.1980), defendants argue that the FOIA does not vest federal district courts with any authority to entertain an action to compel testimony by federal agency employees in a state lawsuit. In *Giza,* a case with facts very similar to those here, the First Circuit held that the FOIA did not empower the district court to compel the Secretary of Health, Education and Welfare to "generate explanatory material." *Id.,* at 751. The appellate court also rejected claims that jurisdiction could be founded upon the mandamus authority of a federal court to compel a United States officer to perform a duty owed to someone, 28 U.S.C.A. § 1361, or that the principle of comity allowed a federal court to assist a state court in enforcing state subpoenas. *Id.,* at 751–52. As the defendants recognize, however, the *Giza* court did not conclusively settle the issue of whether this court has jurisdiction over Hayes's claim; the court did not address whether jurisdiction might be appropriate under the APA and 28 U.S.C.A. § 1331.

Here, Hayes raises the issues not raised in *Giza.* The company argues that § 706 of the APA specifically provides for federal judicial review of agency action and affords the reviewing court power to compel appropriate agency action or to set aside unlawful actions and findings where such actions and findings are found to be arbitrary, capricious, or in excess of statutory authority; the company then adds that subject matter jurisdiction to ensure compliance with the APA is conferred upon the court by § 1331. Hayes has therefore taken the suggestion of the Ninth Circuit in *Swett v. Schenk,* 792 F.2d 1447, 1452 n. 2 (9th Cir. 1986), that the proper approach for challenging a federal agency's interpretation of a regulation governing testimony of agency employees is a direct action against the agency under the APA in federal court.

The court agrees with Hayes that § 1331 authorizes and the APA governs federal court review of a federal agency's decision regarding testimony of the agency's employees in state court. While in and of itself, the APA does not confer subject matter jurisdiction on a district court, *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), administrative actions under the statute may be challenged as "federal questions" pursuant to § 1331. *Id.; Glacier Park Foundation v. Watt,* 663 F.2d 882, 885 (9th Cir.1981); *see also McCartin v. Norton,* 674 F.2d 1317, 1320

---

**2.** 5 U.S.C.A. § 706 provides:
To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
1) compel agency action unlawfully withheld or unreasonably delayed; and
2) hold unlawful and set aside agency action, findings, and conclusions found to be—
   (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
   (B) contrary to constitutional right, power, privilege, or immunity;
   (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
   (D) without observance of procedure required by law;
   (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
   (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

(9th Cir.1982); *Jaffee v. United States,* 592 F.2d 712 (3d Cir.1979), *cert. denied,* 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1982).

■ Count two of Hayes's complaint is therefore properly before this court. Based upon the facts as alleged by the company, at least a cognizable claim that the Navy has arbitrarily and capriciously restricted the testimony of Navy personnel in state court has been made under the APA, with jurisdiction conferred on this court by § 1331. Should such a claim later be fully established, these statutory provisions authorize this court to grant relief appropriate to redress the violation.[3]

Accordingly, it is ORDERED that the defendants' motion to dismiss, filed June 25, 1987, be and it is hereby denied.

---

3. By their motion to dismiss, the Navy defendants also ask that the court reach the merits in count two. The court has some concern as to whether this may be done on a motion to dismiss. But, in any event, in light of the fact that the issue of jurisdiction has now been resolved, the court believes that the parties should first be given another opportunity to settle the matters raised by count two.