**LE VAOMATUA, Plaintiff**

**v.**

**AMERICAN SAMOA GOVERNMENT, RAYMOND McMOORE, SESE McMOORE, and SAMOANA FELLOWSHIP, INC., Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 43-92

October 8, 1992

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, LOGOAI, Associate Judge.

Counsel:  For Plaintiff, Charles V. Ala'ilima
     For Defendant American Samoa Government,
     Elvis R.P. Patea, Assistant Attorney General
     For Defendants Raymond McMoore, Sese McMoore,
     and Samoana Fellowship, Togiola T.A. Tulafono

On Motion for Preliminary Injunction:

Plaintiff is an eleemosynary corporation whose corporate objects embrace the preservation and protection of the environment. Defendant American Samoa Government has leased a certain parcel of land next to the Pala Lagoon to the defendants Ray and Sese McMoore, dba Samoana Fellowship Incorporated, for the stipulated purpose of developing "a community center for community related activities for the youth and senior citizens." The latter defendants are well-known bingo operators in the territory.[1] Plaintiff, claiming non-compliance with the territory's environmental laws, seeks a preliminary injunction to enjoin the McMoores from proceeding with their proposed construction next to the Pala Lagoon. For reasons given, the application must be denied.

---

[1] *Cf.* A.S.C.A. § 46.4301, which proscribes gambling and the keeping of gaming facilities as a criminal offense, and A.S.C.A. § 46.4302, which exempts from this general proscription the "*occasional* playing of bingo . . . when the profits [therefrom] are used for religious, educational or charitable purposes." (Emphasis added).

12

## I. *Standing*

In order for a party to establish standing to enforce provisions of environmental laws, two criteria must be met. One, the party must show that he has suffered an "injury-in-fact"; two, the alleged injury must arguably be within the statute's "zone of interests." *United States v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 412 U.S. 669, 686 (1973); *Sierra Club v. Morton*, 405 U.S. 727, 733 (1972); *California by Brown v. Watt*, 683 F.2d 1253, 1270 (9th Cir. 1982) (citing *Association of Data Processing Service Organizations v. Camp*, 397 U.S. 150, 151-53 (1970); *Barlow v. Collins*, 397 U.S. 159, (1970); *Glacier Park Foundation v. Watt*, 663 F.2d 882, 885 (9th Cir. 1981)). Aesthetic and environmental harm can constitute "injury-in-fact." *SCRAP*, 412 U.S. at 686; *Sierra Club*, 405 U.S. at 734; *Brown*, 683 F.2d at 1270-71; *see Japan Whaling Association v. American Cetacean Society*, 478 U.S. 221, 230 n.4 (1986).

A plaintiff is required to allege "specific and perceptible harm," and these "allegations must be true and capable of proof at trial." *SCRAP* 412 U.S. at 689. Demonstrating personal harm of some sort is crucial because this "gives a litigant a direct stake in the controversy and prevents the judicial process from becoming no more than a vehicle for the vindication of the value interests of concerned bystanders." *SCRAP*, 412 U.S. at 687, (citing *Sierra Club* at 740). As such, "a mere 'interest in a problem,' no matter how longstanding the interest and no matter how qualified the organization is in evaluating the problem, is not sufficient to establish standing." *Sierra Club*, 405 U.S. at 739; *Foundation on Economic Trends v. Lyng*, 943 F.2d 79, 83, 85 (D.C. Cir. 1991) (quoting *Sierra Club*) (an interest in disseminating environmental information, by itself, is insufficient). A party must show injury, although an organization may represent members who are injured. *Sierra Club*, 405 U.S. at 739; *Brown*, 683 F.2d at 1270; *Lyng*, 943 F.2d at 83, 85 (an organization can derive standing from its members).

Plaintiff Le Vaomatua has failed to plead, let alone demonstrate, specific harm to itself or its members. Rather, it has been content to assert standing in a conclusionary fashion, citing its corporate objectives. The fact that it is an organization concerned with the environment or the public interest fails to meet the test set forth in the cases. Therefore, we conclude that Le Vaomatua lacks standing to pursue this action.

13

## II. *Exhaustion of Administrative Remedies*

A preliminary injunction is an extraordinary remedy and is granted only when clearly warranted. *Sierra Club v. Hickel*, 33 F.2d 24, 33 (9th Cir. 1970), *aff'd sub nom. Sierra Club v. Morton*, 405 U.S. 727 (1972); *United States v. School District of Omaha, State of Nebraska*, 367 F. Supp. 179 (D. Neb. 1973) (citing *Yakus v. United States*, 321 U.S. 414 (1944)); *Crimmins v. American Stock Exchange, Inc.*, 346 F. Supp. 1256 (S.D.N.Y. 1972). Indeed, courts have gone so far as to deny standing when an organization failed to exhaust its administrative remedies. *See, e.g., National Audubon Society v. Johnson*, 317 F. Supp. 1330 (D.C. Tex. 1970) (denying standing when an organization had many administrative remedies but did not complain to any agency, even though the agencies were better able to research the problem and could grant the same relief).

Plaintiff Le Vaomatua has not demonstrated that a preliminary injunction is necessary. The territory's governing statute, the American Samoa Coastal Management Act of 1990 (A.S.C.A. §§ 24.0501 *et seq.*), charges the director of the Development Planning Office ("DPO") with enforcement of the Act's provisions; he may issue a stop order if the American Samoa Coastal Management Program, or a rule adopted pursuant to it, is being violated. If the stop order is violated, the director can seek an injunction from the High Court. A.S.C.A. § 24.0505(c); *see also* A.S.C.A. § 4.1040. Thus, an administrative enforcement remedy is available, and the DPO is the appropriate enforcement agency. However, the evidence fails to show that the plaintiff has attempted to pursue any administrative remedies. Plaintiff's counsel submits, again in conclusionary fashion, that the administrative route would only prove fruitless and that plaintiff has therefore petitioned the court directly. We conclude that plaintiff has not shown a need for the extraordinary relief which a preliminary injunction provides. Thus, even if plaintiff had standing, a preliminary injunction is unwarranted.

## III. *Coastal Zone Administrative Rules*

Although its pleadings acknowledge the existence of rules and regulations for administering the American Samoa Coastal Management Program (*see* Complaint, para. 7), plaintiff has nonetheless argued that valid rules to govern the administrative process are lacking (presumably, the argument is arbitrariness within the administrative process). Plaintiff cites the DPO director's failure to formally establish rules within one year after the enactment of the American Samoa Coastal Management

Act, as mandated by A.S.C.A. § 24.0506(a). However, the Act also provides that the rules promulgated as A.S.A.C. §§ 26.0201 *et seq.* are to remain in effect until the new rules are in place, "notwithstanding any other law or rule." A.S.C.A. § 24.0506(b). These are two separate, distinct provisions, and any violation of the former does not nullify the latter. Thus, the procedures codified in A.S.A.C. §§ 26.0201 *et seq.* govern, and plaintiff's challenge to their validity fails.

## IV. *Sufficient Grounds*

A preliminary injunction may only issue after a hearing in which "sufficient grounds . . . has been established by a preponderance of the evidence adduced." A.S.C.A. § 43.1301(g). A.S.C.A. § 43.1401(j) provides that "sufficient grounds" for the issuance of a preliminary injunction means:

> (1) there is a substantial likelihood that the applicant will prevail at trial on the merits and that a permanent injunction will be issued against the opposing party; and

> (2) great or irreparable injury will result to the applicant before a full and final trial can be fairly held on whether a permanent injunction should issue.

Plaintiff Le Vaomatua has not sustained the required statutory showing. On the basis of the evidence received, the defendants would probably prevail on the merits at trial. While plaintiff claims non-compliance by the government with existing land-use permit procedures, and non-compliance by the McMoores with the conditions of the permit issued to them, the evidence adduced tends to the support the opposite conclusion. On the question of irreparable injury, plaintiff made no attempt to show any particular harm to itself (as discussed above), irreparable or otherwise.

Finally, A.S.C.A. § 41.1309 essentially requires a party seeking a preliminary injunction to post security to cover the costs and damages suffered by a party wrongfully enjoined or restrained prior to the opportunity for a trial on the merits. The plaintiff has shown neither the willingness nor the ability to post the required security.

15

## V. *Conclusion*

Plaintiff Le Vaomatua's application for a preliminary injunction is denied.

It is so ordered.